Kathy COLLINS, Appellant/Cross–
Appellee,

v.

COVENANT MUTUAL INSURANCE
COMPANY, Appellee/Cross–
Appellant.

No. 48S02–9412–CV–1218.

Supreme Court of Indiana.

Dec. 15, 1994.

Arthur R. Baxter, Jr., Robert W. York, York, Schrager & Baxter, Indianapolis, for appellant/cross-appellee.

Irwin B. Levin, David J. Cutshaw, Cohen & Malad, Indianapolis, for appellee/cross-appellant.

SHEPARD, Chief Justice.

Appellant Kathy Collins asked the Madison Superior Court to employ Ind.Trial Rule 60 to extend the date for filing an appeal. This was not a proper use of Trial Rule 60. The only available avenue for such relief from a trial court is Trial Rule 72.

*Case History*

Appellee/cross-appellant Covenant Mutual Insurance Company (CMIC) is the malpractice insurer of a felonious gynecologist. It sought a declaratory judgment to determine the extent of its liability to the victims of the insured, Dr. Pravin Thakkar. Thakkar, Collins, and the three other victims were all named as parties. CMIC maintained that

the injuries suffered by Kathy Collins and three other victims were outside the terms of the policy and therefore not covered.[1]

January 31, 1991, proved to be an important day for this litigation. On that date, Judge Thomas Newman issued both an order and an entry disposing of the several motions then pending. The order both granted Collins' petition to withdraw a motion to reconsider and memorialized a stipulation. In a separate entry, Judge Newman denied Collins' motion to dismiss and granted various of CMIC's motions, including its motion for summary judgment.

The January 31 entry granting CMIC's motion for summary judgment constituted a final judgment under Trial Rule 54(B). Indiana Appellate Rule 2(A) requires that parties wishing to appeal a final judgment file a praecipe within thirty days of the final judgment's entry. Collins failed to do so. Her counsel acknowledges having received a copy of the January 31 order, but not the entry granting CMIC's motion for summary judgment. He asserts that he was not made aware of this crucial ruling until May 31, 1991, and, despite his diligence over the course of the intervening four months, was misled by court personnel on three separate occasions when he telephoned to inquire as to the status of the pending motions.

Seeking to resurrect the suit, Collins filed a motion for relief from judgment pursuant to Trial Rule 60(B). Special Judge Dane P. Nash granted this motion in March 1992 and "amended" the January 31 entry to reflect a May 31, 1991, date of judgment. This purported to allow Collins to initiate this appeal; it also prompted CMIC to cross-appeal against Judge Nash's order.

*Application of Trial Rule 72(E)*

The essence of Collins' contention is that she failed to file a timely appeal because she did not receive notice of the trial court's judgment. Whether she may obtain relief

from a trial court on these grounds is governed by Indiana Trial Rule 72.

Trial Rule 72(D) imposes two duties on clerks of court. First, "immediately upon the entry of a ruling upon a motion, an order or judgment" the clerk must mail a copy of the entry to each of the parties. Second, the clerk must make a record of such mailing. The Chronological Case Summary (CCS) constitutes that record.

There was a time when a party might obtain relief upon a claim of failure to receive notice through Trial Rule 60. *Soft Water Utilities v. Le Fevre* (1973), 261 Ind. 260, 301 N.E.2d 745 (DeBruler, J., dissenting). Since 1973, however, this Court has amended Trial Rule 72 to establish it as the sole vehicle. Trial Rule 72(E) now provides: "Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, [n]or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, *except as provided in this section.*" (Emphasis supplied.) Accordingly, any trial court relief for Collins' failure to file a praecipe within thirty days of Judge Newman's January 31 entry must be based on T.R. 72(E).

■ The grounds for possible relief were liberalized somewhat in 1986, such that Trial Rule 72(E) now provides:

> When the mailing of a copy of the entry by the Clerk is *not* evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. (Emphasis added.)

Trial Rule 72(E) plainly states that only if the CCS does not contain evidence that a copy of the court's entry was sent to each

---

1. CMIC filed this action in May 1990. The following month, the Court of Appeals ruled in a separate tort action that Thakkar's acts did not constitute medical malpractice under Indiana's Medical Malpractice Act. *Collins v. Thakkar* (1990), Ind.App., 552 N.E.2d 507, *transfer denied.* CMIC subsequently moved for summary judgment, the granting of which precipitated this appeal.

party may a party claiming not to have received such notice petition the trial court for an extension of time to initiate an appeal.

In this case, the Chronological Case Summary prepared by the court reporter of the Madison Superior Court contains the typewritten notation "1/31/91 Notice: Y" which precedes a description of both the Order and the Entry. The CCS notation says:

> 01/31/91 Notice Y
>
> Defendant, Kathy Collins' Petition for Order Withdrawing Motion to Reconsider and Order Memorializing Stipulation granted, all as per written Order. Is Plaintiff's Motion to Strike Defendant Collins' Affirmative Defenses against Thakkar granted; Plaintiff's Motion to Strike Defendant Collins' Request for Jury Trial granted; Defendant Collins' Motion to Dismiss Plaintiff's Complaint denied; Defendant Collins' Motion to Reconsider was withdrawn; Plaintiff's Motion for Summary Judgement granted; Plaintiff entitled to reimbursement for costs of defendant of Collins' against Thakkar, and thus judgment awarded Plaintiff against Thakkar in the sum of $37,894.72. All as per written Entry of January 31, 1991. COSTS VS. DEFENDANT THAKKAR JUDGMENT (Notice: Glk/Grt)

Collins cites our decision in *Markle v. Indiana State Teachers Ass'n* (1987), Ind. 514 N.E.2d 612, to support her contention that the CCS was ambiguous as to whether notice of both the Order and the Entry was sent. In *Markle*, we found that a handwritten listing of the three attorneys representing parties in that action, which reference followed a one paragraph notation in the docket of two orders entered on the same date, did not on its face conclusively evidence the mailing of notice of both orders. That is, the record did not contain any affirmative indication of sending notice.

Unlike the record in *Markle*, the CCS in this case contains a specific reference to notice having been sent.[2] Every entry in the CCS follows the form of the one at issue in

this appeal and set forth above. Following the date, the word "Notice:" appears and is immediately followed by either the letter "Y" for yes, or "N" for no. This is the sort of "note" contemplated by T.R. 72(E).

We conclude that the references to notice contained in the CCS sufficiently demonstrate mailing notice of Judge Newman's January 31, 1991, entry granting CMIC's motion for summary judgment. Thus, Special Judge Nash erred when he amended the date of that entry so that Collins could perfect her appeal. Accordingly, the appeal was untimely and CMIC was entitled to its dismissal. We grant transfer, vacate the opinion of the Court of Appeals, and dismiss the appeal.

DeBRULER and GIVAN, JJ., concur.

DICKSON and SULLIVAN, JJ., dissent without opinion.

---

2. The rule at issue in *Markle* was T.R. 72(D). T.R. 72(E) was created in 1989, taking effect on January 1, 1991, one month prior to the entry at issue here. The language of 72(E) was taken nearly verbatim from the former rule 72(D); the differences do not impact our analysis in this case.