LODGE OF the WABASH, LTD., White River Lodge, Ltd., Flatrock River Lodge, Ltd., on behalf of themselves and all others similarly situated, Appellants–Plaintiffs,

v.

Frank SULLIVAN, Jr., as Director of the Indiana State Budget Agency, Evan Bayh, as Governor of the State of Indiana, Ann G. Devore, as Auditor of the State of Indiana, Marjorie O'Laughlin, as Treasurer of the State of Indiana, Jim Verdier, as Assistant Secretary of the Office of Medicaid Policy & Planning, and Bobby L. Conner, as Director of the Division of Aging & Rehabilitative Services, Appellees–Defendants.

No. 49A02–9406–CV–332.

Court of Appeals of Indiana.

Aug. 10, 1995.

Sidney Mishkin, Lesa C. Fall, Mishkin & Fall, Indianapolis, for appellants.

Pamela Carter, Atty. Gen., Arend J. Abel, Gordon E. White, Jr., Deputy Attys. Gen., Indianapolis, for appellees.

## OPINION

KIRSCH, Judge.

The trial court denied the appellants' (the Lodges) request for permission to file a belated praecipe so that they might challenge a summary judgment entered in the appellees' (the State) favor. We are asked to review that denial in light of the Lodges' claim that they did not receive notice of the court's ruling on the State's motion for summary judgment.

We affirm.

## FACTS

The State of Indiana provides funding to the Room and Board Assistance (RBA) program which helps qualified individuals defray certain living and personal expenses. The Lodges operate residential care facilities that provide RBA program recipients with room, board and other services. The State reimburses the Lodges for their services at a rate predetermined by the Department of Public Welfare.

This appeal arises out of a class action for mandate in which the Lodges claim that the State failed to allocate all of the funds appropriated by the legislature for RBA services. The State moved to dismiss the Lodges' complaint. Upon accepting materials presented outside the pleadings, the trial court converted the State's motion into one for summary judgment. Ind.Trial Rule 12(B). In reply to the Lodges' opposition to the motion, the State filed the affidavit of Rachel McGeever.

On October 25, 1993, the Lodges filed a written motion and proposed order to strike the McGeever affidavit. On the same day, the trial court heard oral argument on the State's summary judgment motion and took it under advisement. The Lodges' counsel contends that the court then stated it would render a decision in about one month. Just ten days later, on November 4, 1993, the trial court granted the State's motion for summary judgment and denied the Lodges' motion to strike the McGeever affidavit. The Lodges' counsel received the court's order denying the motion to strike the McGeever affidavit, but did not receive notice of the Court's granting of the State's summary judgment motion.

Beginning on November 29, 1993, a member of the Lodges' counsel's staff made weekly calls to the court to inquire whether a ruling on the summary judgment motion had been entered. The staff member called the court on seven different occasions. Each time, she was informed that no ruling had been made on the pending summary judgment motion. On January 13, 1994, one of the Lodges' counsel spoke directly to the trial court bailiff who informed him that the State's motion had been granted on November 4, 1993. Three weeks later, the Lodges filed an Ind.Trial Rule 60(B) motion captioned "Motion for Change of Date of Summary Judgment Entry and for Leave to File Belated Praecipe," together with affidavits, a proposed praecipe, and a supporting memorandum.

By written order dated March 11, 1994, the trial court denied the Lodges' 60(B) motion. The Lodges timely perfected the present appeal.

## DISCUSSION AND DECISION

Our supreme court has recently held that extensions of the time limits for filing an

**42**

appeal are governed by Ind.Trial Rule 72, not T.R. 60(B). *Collins v. Covenant Mut. Ins. Co.* (1994), Ind., 644 N.E.2d 116.[1] Trial Rule 72(D) sets forth the requirements of court clerks to provide notice of court rulings. It provides:

"**(D) Notice of Orders or Judgments.** Immediately upon the entry of a ruling upon a motion, an order or judgment, the clerk shall serve a copy of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear and shall make a record of such mailing."

A notation in the Chronological Case Summary satisfies the recording requirement. *Collins*, 644 N.E.2d at 117. Trial Rule 72(E) governs a party's claim that it did not receive notice of a ruling. It provides:

"**(E) Effect of Lack of Notice.** Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When the mailing of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation."

In *Collins*, our supreme court considered the circumstances under which a party may challenge the receipt of notice and seek to file a belated praecipe. In that case, the trial court issued several rulings on January 31, 1991. Two of the rulings were issued in a written order. The remaining rulings, including a summary judgment granted in favor of Covenant Mutual, were issued in a separate written entry. As here, Collins' counsel acknowledged receiving the January 31 order, but claimed he did not receive the separate entry granting Covenant Mutual's summary judgment motion until four months after it was entered. During those four months, Collins' counsel telephoned the court on three separate occasions to inquire as to the status of the pending motions, and each time was misinformed by court personnel.

Based upon T.R. 72(E), the court held that "only if the CCS does not contain evidence that a copy of the court's entry was sent to each party may a party claiming not to have received such notice petition the trial court for an extension of time to initiate an appeal." *Collins*, 644 N.E.2d at 117–18. After examining the Chronological Case Summary (CCS), the court determined that the typewritten notation "1/31/91 Notice: Y" which preceded a description of both the order and the entry was sufficient to demonstrate mailing of the court's entry granting Covenant Mutual's motion for summary judgment. This being so, Collins was precluded from seeking an extension of time to initiate an appeal.

Here, the court's case activity report appears in the record as follows:

| 11/04/93 | AA014 | COURT DENIES MOTION TO STRIKE AFFIDAVIT OF RACHEL MCGEEVER. | RY025 |
| 11/04/93 | 99999 | DEFENDANTS' MOTION TO DISMISS TREATED AS SUMMARY JUDGMENT; SUMMARY JUDGMENT GRANTED. | RY025 |
| 11/04/93 | AA051 | FREE–FORM TEXT NOTICE WAS SENT TO SIDNEY MISHKIN [the Lodges' counsel]. | |
| 11/04/93 | AA051 | FREE–FORM TEXT NOTICE WAS SENT TO GORDON EUGENE WHITE JR. [the State's counsel]. | |

*Record* at 6. The Lodges contend that they are entitled to challenge the receipt of notice because an ambiguity exists on the face of the CCS, bringing the present case outside

1. *Collins* was decided after the present appeal was fully briefed. At oral argument, the parties presented their respective positions based upon the newly decided *Collins* case.

the ambit of *Collins*. More specifically, they contend that the ambiguity arises from the fact that the rulings appear in separate paragraphs and the notation following those paragraphs does not specify whether notice of both rulings was sent.

According to the Lodges, the present case involves circumstances more like those held by our supreme court to justify the filing of a belated praecipe in *Markle v. Indiana State Teachers Ass'n* (1987), Ind., 514 N.E.2d 612. In *Markle,* our supreme court held that the handwritten listing of the three attorneys involved in the litigation, which listing followed a one paragraph notation in the docket of two orders entered on the same date, was not conclusive evidence that notice of the first order was mailed.

In *Collins,* the court distinguished *Markle* on the ground that the CCS in *Collins,* unlike the CCS in *Markle,* contained "a specific reference to notice having been sent." *Collins,* 644 N.E.2d at 118. We conclude that the same distinction governs here. The CCS at issue contains specific reference that notice was sent to the Lodges' counsel. According to *Collins,* such a specific reference satisfies the requirements of Trial Rule 72 and precludes the Lodges' challenge to the receipt of notice.

In reaching our decision, we are not unmindful of our supreme court's statement in *Markle* addressing Trial Rule 72:

"The amendment of T.R. 72(D)[2] came about as a result of input from the bar of Indiana. It was emphasized that the former rule effectively required attorneys to continuously check the docket books of each court in which they had a case pending in order to protect their clients from forfeiture of appellate rights due to expiration of time caused by the attorney's ignorance of the existence of a ruling or order."

514 N.E.2d at 613.

We agree with the Lodges that the denial of relief is repugnant to this policy, and we, too, are unable to reconcile the result

reached in *Collins* with the policy statement set forth in *Markle*. The rule set forth in *Collins* puts a nearly impossible burden on trial counsel. After *Collins,* lawyers must once again continuously check the docket books (now, the Chronological Case Summary of each case) in each court in which they have a case pending to protect their clients and themselves or run the risk of forfeiture of their appellate rights. For those attorneys whose offices are in close proximity to the courthouse, this burden is heavy; for those whose location is more remote, the burden is onerous. For those located in other counties, the burden becomes nearly impossible. It requires a tremendous expenditure of time and resources for very little benefit. It is also inconsistent with the spirit of our trial rules as set forth in Trial Rule 1: "[T]hese rules ... shall be construed to secure the just, speedy and inexpensive determination of every action."

Where there exists clear and convincing evidence of non-receipt, a showing of diligent efforts to stay advised of the status of a case, and a reliance upon the representations of court personnel regarding such status, a party's appellate rights should not be forfeited. We are constrained, however, to follow our supreme court's pronouncement as set forth in *Collins,* and we conclude that the trial court properly denied the Lodges' request for relief.

Affirmed.

SHARPNACK, C.J., concurs.

FRIEDLANDER, J., dissents.

FRIEDLANDER, Judge, dissenting.

I respectfully dissent.

It is apparent to me that an ambiguity exists on the face of the CCS which exempts this case from the rule announced in *Collins v. Covenant Mut. Ins. Co.* (1994), Ind., 644 N.E.2d 116.

The separate entry granting Covenant Mutual's summary judgment motion dated January 31, 1991 provided as follows:

2. With but a few differences, Trial Rule 72(D) is now set forth in Trial Rule 72(E). The differences do not affect our analysis of the issue before us. *See Collins,* 644 N.E.2d at 118 n. 2.

"01/31/91 Notice: Y Defendant, Kathy Collins' Petition for Order Withdrawing Motion to Reconsider and Order Memorializing Stipulation granted, all as per written Order. Is Plaintiff's Motion to Strike Defendant Collins' Affirmative Defenses against Thakkar granted; Plaintiff's Motion to Strike Defendant Collins' Request for Jury Trial granted; ·Defendant Collins' Motion to Dismiss Plaintiff's Complaint denied; Defendant Collins' Motion to Reconsider was withdrawn; Plaintiff's Motion for Summary Judgment granted...."

*Id.* at 118.

As the *Collins* court observed, "the written notation '1/31/91 Notice: Y' *precedes* a description of *both* the Order and the Entry.... [T]he CCS in this case contains a specific reference to notice having been sent...." *Id.* at 118 (emphasis supplied). While the majority places reliance upon *Collins*, the "notice" provision contained in the CCS in that case preceded the entire paragraph encompassing the ruling on the summary judgment motion. The *Collins* court also observed that *"[e]very entry* in the CCS follows the form of the one at issue in this appeal and set forth above," in determining that no ambiguity existed. *Id.* (Emphasis supplied). The circumstances here are more akin to those presented in *Markle v. Indiana State Teachers Ass'n* (1987), Ind., 514 N.E.2d 612. In *Markle,* our supreme court determined that the trial court was entitled to extend the time to initiate an appeal based upon appellant-Markle's claim that he did not receive notice of the court's ruling on the motion to correct error. In writing for the majority, Justice DeBruler observed as follows:

"We find that the listing of the three names, *without further notation or any specific reference to both of the orders entered that day, does not on its face conclusively evidence the mailing....*

.    .    .    .    .

Here, there were two distinct orders entered the same date and in the same paragraph. The handwritten notation of the attorney's names evidences that some notice was sent to each counsel. However, the notation does not follow the ruling on the motion to correct error. Had it so followed, then the docket on its face would be sufficient to preclude challenge. *Since it does not directly follow and does not mention that notice of both orders was mailed, the question of notice was open for consideration.*

.    .    .    .    .

Since the notation in the docket did not specifically relate what was mailed, the trial court did not abuse its discretion by invalidating the November 23, 1985 denial of ISTA's motion to correct errors."

*Id.* at 613–14 (emphasis supplied).

As in *Markle,* the CCS summary here only indicates that *some* notice was sent to counsel. The trial court made two entries, each contained in separate paragraphs, when it made its November 4 ruling. There was only one "notice" entry directed to the Lodges' counsel which appears below the second entry. The CCS fails to mention whether *both* orders were mailed.

I would therefore hold that the Lodges may challenge the receipt of notice in accordance with T.R. 72(E) because an ambiguity exists on the face of the CCS.