**Jeremy PHOVEMIRE, Appellant,**

v.

**STATE Of Indiana, Appellee.**

No. 02A05–1106–CR–304.

Court of Appeals of Indiana.

Dec. 9, 2011.

Mark A. Thoma, Leonard, Hammond, Thoma & Terrill, Fort Wayne, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Eric P. Babbs, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Jeremy Phovemire ("Phovemire") was convicted in Allen Superior Court of Class D felony domestic battery and Class A misdemeanor invasion of privacy. Phovemire appeals and argues that the trial court erred in sentencing him by miscalculating the amount of jail time credit he was due. The State cross-appeals and argues that this appeal should be dismissed because Phovemire's belated notice of appeal was untimely filed. Concluding that this court lacks subject matter jurisdiction due to Phovemire's failure to timely file his belated notice of appeal, we dismiss.

## Facts and Procedural History

Following a jury trial, Phovemire was convicted of Class D felony domestic battery and Class A misdemeanor invasion of privacy. On March 21, 2011, the trial court entered judgment of conviction and sentenced Phovemire to an aggregate term of three years executed in the Department of Correction. Phovemire's trial counsel filed a notice of appeal with the trial court on April 21, 2011, thirty-one days after the trial court's entry of final judgment.

Appellate counsel was appointed for Phovemire on April 29, 2011. On the same date, appellate counsel acknowledged that the initial notice of appeal filed by Phovemire's trial counsel was untimely by filing a petition for permission to file a belated notice of appeal. The petition did not include a proposed notice of appeal. The trial court entered an order granting Phovemire's petition on May 11, 2011. However, Phovemire did not file a belated notice of appeal until June 20, 2011, forty days after the trial court granted Phovemire's petition. Phovemire did not seek an extension of the time limitation for filing his belated notice of appeal prior to pursuing this appeal.

## Discussion and Decision

On cross-appeal, the State argues that this court lacks subject matter jurisdiction because Phovemire did not timely file his belated notice of appeal. Because Phovemire did not pursue an appeal within thirty days of his March 21, 2011 sentencing, he was required to seek permission to file a belated appeal pursuant to Indiana Post–Conviction Rule 2(1). Accordingly, Phovemire filed a petition for permission to file a belated notice of appeal pursuant to Post–Conviction Rule 2(1) on April 29, 2011, which the trial court granted on May 11, 2011.

Indiana Post–Conviction Rule 2(1)(f)(1) provides that if the petition for permission to file a belated notice of appeal includes a proposed notice of appeal as an exhibit, then "an order granting the petition shall also constitute the filing of that notice of appeal in compliance with the time requirements of App. R. 9(A)." However, Phovemire's petition for permission to file a belated notice of appeal did not include a proposed notice of appeal. Thus, the second part of the rule is applicable here: "If the petition does not include a proposed notice of appeal as an Exhibit, the time for filing a notice of appeal is governed by App. R. 9(A)." Ind. Post–Conviction Rule 2(1)(f)(2). Indiana Appellate Rule 9(A) provides that "[a] party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment[.]"

Here, the trial court granted Phovemire's petition for permission to file a belated appeal on May 11, 2011; Phovemire therefore had until June 10, 2011 to file his belated notice of appeal. But Phovemire did not file his belated notice of appeal until June 20, 2011. Accordingly, Phovemire's notice of appeal was not timely filed. We therefore lack subject matter jurisdiction over this appeal. *See Marlett v. State,* 878 N.E.2d 860, 864 (Ind.Ct.App.2007) (noting that this court lacks jurisdiction over appeals that are not timely filed), *trans. denied.*

Phovemire does not dispute that his belated notice of appeal was untimely, but he nevertheless argues that considerations of justice require us to address this appeal on the merits because his appellate counsel did not receive notice of the trial court's ruling on his petition. In support of this contention, Phovemire cites two cases from the Indiana Supreme Court for the general proposition that technical rules of procedure should not be so strictly construed as to defeat the ends of justice. Reply Br. at

3–4 (citing *Soft Water Utilities, Inc. v. Le Fevre*, 261 Ind. 260, 301 N.E.2d 745 (1973) and *American States Insurance Co. v. State ex rel. Jennings*, 258 Ind. 637, 283 N.E.2d 529 (1972)). However, our supreme court has subsequently held that Trial Rule 72 is the only remedy for a party seeking to extend a filing deadline due to lack of notice of a ruling. *Collins v. Covenant Mut. Ins. Co.*, 644 N.E.2d 116, 117 (Ind.1994); *see also Driver v. State*, 954 N.E.2d 972, 973–74 (Ind.Ct.App.2011), *trans. denied.*[1]

> Trial Rule 72(E) provides:
>
> Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When the mailing of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

Thus, "only if the CCS does not contain evidence that a copy of the court's entry was sent to each party may a party claiming not to have received such notice petition the trial court for an extension of time to initiate an appeal." *Collins*, 644 N.E.2d at 117–118.

 In this case, the CCS contains a notation indicating that notice of the trial court's ruling was sent to "Defendant Phovemire, Jeremy." Appellant's App. p. 7. On appeal, Phovemire argues that this notation is insufficient because it does not indicate that notice was sent to his appellate counsel. But assuming *arguendo* that Phovemire is correct, his remedy was to petition the trial court for an extension of time to initiate his appeal. *See* T.R. 72(E); *Collins*, 644 N.E.2d at 117–18. Because he failed to do so, his appeal is untimely and this court lacks jurisdiction.

■ Finally, Phovemire urges this court to "exercise its inherent power to grant equitable relief by deciding Mr. Phovemire's appeal on its merits." Reply Br. at 5. "Although this Court has the inherent power to entertain an appeal even though jurisdictional time limits have expired, such discretion is exercised only in rare and exceptional cases, such as in matters of great public interest, or where extraordinary circumstances exist." *Wente v. State*, 440 N.E.2d 512, 514 (Ind.Ct.App. 1982) (internal quotations omitted). Phovemire makes no argument that this is such a case, and our review of the record does not disclose the type of extraordinary circumstances necessary to warrant equitable relief. We therefore decline to exercise our inherent authority to entertain Phovemire's untimely appeal.

Dismissed.

FRIEDLANDER, J., and RILEY, J., concur.

1. Indeed, in *Collins*, our supreme court took note of its holding in *Le Fevre* in the course of determining that Trial Rule 72 is now the only remedy for a party seeking to extend a filing deadline due to lack of notice of a ruling. *Collins*, 644 N.E.2d at 117; *Driver*, 954 N.E.2d at 973–74.