**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 01 2014, 8:56 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOHN LANE**
New Castle, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | |
| | ) | |
| JOHN LANE, | ) | |
| | ) | |
| Appellant/Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1308-DR-698 |
| | ) | |
| LEISA LANE, | ) | |
| | ) | |
| Appellee/Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick L. McCarty, Judge
Cause No. 49D03-1302-DR-7769

**May 1, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

In June 2013 the Marion Superior Court granted Leisa Lane's ("Leisa") petition for dissolution of her marriage to John Lane ("Lane") and entered a dissolution decree dividing their property. After the thirty-day window to appeal the dissolution decree had passed, Lane filed a motion for relief from judgment claiming that he had not received notice of the dissolution decree as required by Indiana Trial Rule 72. The trial court denied Lane's motion, and Lane appealed.

Lane, incarcerated and proceeding pro se, makes a number of arguments on appeal, but we address only one: whether the trial court erred by denying Lane's motion for relief from judgment. Because there is no notation in the trial court's chronological case summary (CCS) indicating that a copy of the dissolution decree was provided to Lane, we conclude that the trial court erred by denying Lane's motion. We reverse.

**Facts and Procedural History**

After being in a relationship for many years, the parties married in January 1998.[1] Later that year, Lane began serving a fifty-year sentence in the Department of Correction.[2]

Leisa filed for divorce in February 2013. The trial court held a final hearing in May 2013, and Lane, proceeding pro se, appeared by phone from prison. On May 30, 2013, the trial court granted Leisa's petition for dissolution and entered a dissolution decree dividing the parties' property. *See* Appellant's App. p. 27-29. The CCS shows

---

[1] They have no children.

[2] Lane was convicted of Class B felony rape and Class D felony criminal confinement in 1993. He later sought post-conviction relief, which the trial court granted, but this Court reinstated his convictions in 1998. *State v. Lane*, 694 N.E.2d 793 (Ind. Ct. App. 1998) (Table), *trans. denied*.

that Leisa's attorney received notice of the dissolution decree, but it does not indicate that Lane did.

Two weeks later Lane filed several new motions, including a motion to compel Leisa to participate in marital counseling and a request for additional discovery. *See id.* at 2 (CCS). The trial court denied Lane's motions as moot. *See id.* at 31. In July 2013 Lane filed a motion for relief from judgment. *Id.* at 5. The motion and accompanying affidavit alleged that Lane had not received notice of the dissolution decree as required by Indiana Trial Rule 72. *Id.* at 5-6. Lane argued that this lack of notice had deprived him of his right to appeal the dissolution decree. *Id.* at 6. The trial court denied Lane's motion for relief from judgment without a hearing. *Id.* at 4.

Lane now appeals.

**Discussion and Decision**

Lane makes a number of arguments on appeal, but we address only one: whether the trial court erred by denying Lane's motion for relief from judgment.

Leisa has not filed an appellee's brief. Under that circumstance, we do not undertake to develop the appellee's arguments. *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). Rather, we will reverse upon an appellant's prima facie showing of reversible error. *Id.*

Lane's motion for relief from judgment was premised on Indiana Trial Rule 72. Trial Rule 72(D) imposes two duties on clerks of court. First, "[i]immediately upon the entry of a ruling upon a motion, an order or judgment" the clerk must mail a copy of the entry to each of the parties. Second, the clerk must make a record of such mailing. The

3

CCS constitutes that record.  *See Collins v. Covenant Mut. Ins. Co.*, 644 N.E.2d 116, 117 (Ind. 1994).  Trial Rule 72(E) provides:

> Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. *When the mailing of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel.* Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

(emphasis added).

Notably, Lane filed a Trial Rule 60(B) motion for relief from judgment—not a Trial Rule 72(E) motion for extension of time.  Our Courts have held that Trial Rule 72(E) is the exclusive method by which a litigant may seek to extend the time to file a notice of appeal.  *See In re Sale of Real Prop. with Delinquent Taxes or Special Assessments*, 822 N.E.2d 1063, 1068-70 (Ind. Ct. App. 2005) (citing *Collins*, 644 N.E.2d at 116), *trans. denied*.  But where a Trial Rule 60(B) motion clearly indicates that the basis for the motion is lack of notice under Trial Rule 72(E), we have treated the motion as a Trial Rule 72(E) motion, noting our preference for substance over form.  *See id.* Here, although captioned as a motion for relief from judgment under Trial Rule 60(B), Lane clearly requested that the trial court extend the time to appeal due to Lane's lack of notice of the dissolution decree.  *See* Appellant's App. p. 5 ("[T]his Court entered Judgment without giving [Lane] proper notice in violation of Indiana Trial Rule 72(D) which states . . . ."), 7 ("[Lane] is further prejudiced from the Court Clerk's error by the

4

denial of his constitutional right to appellate review."). Therefore, we will treat Lane's motion as a Trial Rule 72(E) motion for extension of time.

Trial Rule 72(E) applies where the CCS does not contain evidence that a copy of the trial court's order was sent to each party. *Collins*, 644 N.E.2d at 117-18. We review a trial court's ruling concerning Trial Rule 72(E) for an abuse of discretion. *Atkins v. Veolia Water Indianapolis, LLC*, 994 N.E.2d 1287, 1288 (Ind. Ct. App. 2013). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *Id.*

In this case, the CCS entry corresponding to the dissolution decree reads:

06/03/2013 | **Summary Decree of Dissolution of Marriage**
*NOTICE PICKED UP BY K. KOSKI. PLACED IN ORDER BOOK.*
Order Signed: 05/30/2013

Appellant's App. p. 2. The entry indicates that Leisa received notice of the decree via "K. Koski," her attorney, but it does not indicate that notice was mailed or otherwise provided to Lane. Notably, there are entries elsewhere in the CCS indicating that both parties received notice of other orders. *See id.* at 2-3. Because there is no notation in the above CCS entry indicating that a copy of the dissolution decree was provided to Lane, the trial court should have granted Lane's motion for an extension of time to appeal the dissolution decree. *See Markle v. Ind. State Teachers Ass'n*, 514 N.E.2d 612, 614 (Ind. 1987) (Trial Rule 72(E) relief appropriate where mailing of notice was evidenced in docket only by handwritten note with names of attorneys); *see also Gable v. Curtis*, 673 N.E.2d 805, 808 (Ind. Ct. App. 1996) (Trial Rule 72(E) relief appropriate where CCS showed party had provided clerk new address and notice sent to old address had been

5

returned to clerk as insufficiently addressed).  We conclude that Lane has made the required prima facie showing of reversible error. *Branham*, 952 N.E.2d at 746.

The remainder of Lane's appellate brief is devoted to challenging the sufficiency of the evidence underlying the dissolution decree,[3] but that issue is not before us—Lane is only appealing the denial of his request for an extension of time to appeal the dissolution decree.[4] However, our decision today effectively rewinds the clock and allows Lane to appeal the dissolution decree.  Because Lane lacked notice of the dissolution decree—and therefore should have prevailed on the merits of his motion—we remand this case to the trial court; and Lane may file a notice of appeal from the dissolution decree with the Clerk of this Court within thirty days of this opinion being certified.

Reversed.

NAJAM, J., and BROWN, J., concur.

---

[3] A sufficiency-of-the-evidence review requires the transcript from the May 30, 2013 final hearing, which is not part of the appellate record in this case.

[4] Lane also references other motions that were denied by the trial court, but those motions are not before us.  Lane appeals the denial of his motion for relief from judgment, *see* Appellant's App. p. 48 (notice of appeal), and we address that issue only.

6