**Pursuant to Ind. Appellate Rule 65(D),** this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Aug 22 2014, 6:13 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**CLEVELAND WALKER**
Miami Correctional Facility
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLEVELAND WALKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1312-CR-508 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D05-1107-FB-153

**August 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Cleveland Walker appeals the trial court's denial of his motion to correct erroneous sentence. We conclude that because he failed to file a timely notice of appeal, we lack subject matter jurisdiction to hear his appeal. As such, we dismiss.

**Facts and Procedural History**

In January 2012, Walker pled guilty via plea agreement to class B felony dealing in cocaine. He was sentenced pursuant to the plea agreement to an eight-year term, to be served consecutive to a term in another cause. The trial court awarded him twelve days' jail time credit. In January 2013, Walker filed a motion to correct erroneous sentence, claiming that he was entitled to an additional 196 days' jail time credit and that such credit should have been awarded in the instant cause instead of the other cause. The trial court denied his motion. In February 2013, Walker filed a motion for jail time credit, again claiming that he was entitled to 196 days' credit. In March 2013, the trial court denied the motion.

In August 2013, Walker filed another motion to correct erroneous sentence, which the trial court denied in an order issued on October 8, 2013. The order was entered into the chronological case summary ("CCS") on October 14, 2013. The CCS also shows that on November 6, 2013, Walker filed a verified motion for leave to proceed in forma pauperis on appeal. According to the CCS, on December 17, 2013, the trial court granted Walker's motion to proceed in forma pauperis, but specifically noted, "No appeal filed to date." *Id*. at 10. The CCS indicates that Walker filed his notice of appeal on December 20, 2013.

2

## Discussion and Decision

The dispositive issue is whether Walker timely filed his notice of appeal. Where an appellant fails to timely file a notice of appeal, this Court lacks jurisdiction to hear the appeal. *Phovemire v. State*, 960 N.E.2d 176, 177 (Ind. Ct. App. 2011). Indiana Appellate Rule 9(A) governs the initiation of an appeal and states in pertinent part,

> A party initiates an appeal by filing a Notice of Appeal with the Clerk … within thirty (30) days after the entry of a Final Judgment is noted in the [CCS] …. Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by [Post-Conviction Rule] 2.

Postconviction Rule ("PCR") 2(1) states, "Where a defendant after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court." It is well settled that PCR 2(1) is a "vehicle for belated direct appeals alone." *Davis v. State*, 771 N.E.2d 647, 649 (Ind. 2002) (citations omitted).

> [PCR 2(1)] provides petitioners with a method to seek permission for belated consideration of appeals addressing conviction, but does not permit belated consideration of appeals of other post-judgment petitions. More specifically, the Court of Appeals lacks subject matter jurisdiction over appeals other than direct appeals, unless such appeals or petitions are timely brought.

*Id*. (internal citations omitted).

Here, Walker attempts to appeal the denial of a motion to correct erroneous sentence. He does not—and cannot, based on his plea agreement—appeal his conviction. Thus, PCR 2 is not an available vehicle for him. As a result, his right to appeal is subject to forfeiture under Indiana Appellate Rule 9(A) if not filed within thirty days after the entry of the judgment. In his notice of appeal, deemed filed on December 20, 2013, he specifically noted

3

that he purported to appeal the trial court's final judgment of October 14, 2013. On its face, the notice of appeal is untimely, being filed well after the thirty-day deadline. Notably, Walker made one filing within the thirty-day period, that is, his November 6, 2013 motion to proceed in forma pauperis on appeal. However, we have held that filings that do not conform to the substance of a notice of appeal are insufficient to satisfy Indiana Appellate Rule 9(A). *See In re D.L.*, 952 N.E.2d 209, 213 (Ind. Ct. App. 2011) (holding that notices of *intent* to appeal are not functionally equivalent to notices of appeal and therefore do not operate to initiate the appeal on the date of filing), *trans. denied*.

Based on the foregoing, we conclude that Walker's notice of appeal was untimely filed. Because a timely filing is a jurisdictional prerequisite, the case is not properly before us. Consequently, we dismiss.

Dismissed.

RILEY, J., and MATHIAS, J., concur.