## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 17 2016, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLEES

Carol A. Dillon
Bryan D. Stoffel
Bleeke Dillon Crandall, P.C.
Indianapolis, Indiana

APPELLANT PRO SE

Edward Niksich
Carlisle, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Edward Niksich,

*Appellant-Plaintiff,*

v.

Dr. Malak Hermina, et al.,

*Appellees-Defendants.*

August 17, 2016

Court of Appeals Case No.
49A02-1601-CT-102

Appeal from the Marion Superior Court.
The Honorable Gary L. Miller, Judge.
Cause No. 49D03-1506-CT-019239

**Darden, Senior Judge**

## Statement of the Case

Edward Niksich appeals the trial court's denial of his Motion for Relief from Judgment, alleging he did not receive timely notice of the court's final judgment, and also appeals the trial court's order granting the Appellees'

"Motion for Preliminary Determination of Law and Motion for Summary Judgment."[1] We affirm.

# Issue

We consolidate and restate the following to be dispositive to the resolution of this case: Whether the trial court abused its discretion by denying Niksich's Motion for Relief from Judgment.

# Facts and Procedural History

Drs. Malak Hermina, Richard Carr, and Alfred Talens (collectively, the "Doctors") were at differing times employed as physicians by Corizon, Inc., a private company that contracted with the Indiana Department of Correction ("DOC") to provide healthcare to inmates in certain DOC facilities. Dr. Hermina worked for the DOC from September 2005 until April 2012; Dr. Carr worked for the DOC from May 2007 until June 2009; and, Dr. Talens worked for the DOC from February 2006 until May 2011. Niksich has been incarcerated in the DOC since 1991.

When Niksich was processed for entry into the DOC, he tested positive for hepatitis and was referred to the Indiana State Prison medical facility for tests and monitoring. In April of 1994, Niksich tested positive for hepatitis C. For

---

[1] Niksich also seeks to appeal the denial of his Motion to Compel Discovery. However, because Niksich did not make this argument to the trial court, we will not consider it. *See Babinchak v. Town of Chesterton*, 598 N.E.2d 1099, 1103 (Ind. Ct. App. 1992) (noting that we will not consider arguments raised for the first time on appeal).

the remainder of the time Niksich was housed at the Indiana State Prison, until 1999, prison doctors monitored his liver profiles.

[5] In 1999, Niksich was transferred to the Pendleton Correctional Facility and was housed there until 2009. Dr. Hermina worked at the Pendleton Correctional Facility until January 2006 and administered care to Niksich. In January 2008, Niksich lost consciousness at his prison job and was sent to the Pendleton Correctional Facility infirmary where he was treated by Dr. Carr. According to Niksich, he explained to Dr. Carr that he had "tested positive for Hepatitis C and that [Dr. Carr] may want to check [his] liver enzymes and liver function." Appellant's App. p. 53.

[6] Sometime in 2009, Niksich was moved to the Wabash Valley Correctional Facility. Dr. Talens administered care to Niksich while he was housed at that facility. According to Niksich, he informed Dr. Talens that his liver enzymes should be monitored and treated if they became elevated above normal levels.

[7] By 2012, Niksich was residing at the Westville Correctional Facility. On November 29, 2012, Niksich was found unconscious in his cell and was transferred to a hospital for treatment. While in the hospital, Niksich slipped into a coma. On December 5, 2012, Niksich regained consciousness and was informed by hospital staff that he had experienced an upper gastrointestinal bleed, liver and kidney failure, anemia due to blood loss, and hepatic encephalopathy cirrhosis.

[8] Approximately twenty months later, on August 14, 2014, Niksich filed a Proposed Complaint of medical malpractice with the Indiana Department of Insurance. In his complaint, he alleged that the Doctors failed to provide him appropriate medical care while he was an inmate in the DOC. Niksich claimed he repeatedly informed Drs. Hermina, Carr, and Talens of his elevated liver enzyme levels but the doctors "fail[ed] to review medical information and/or documentation within [Niksich's] medical file . . . which indicate[d] and establishe[d] a serious medical illness . . . [,]and the progression thereof[,] from mild liver inflammation and Hepatitis to late stage cirrhosis[.]" *Id*. at 138.

[9] On June 11, 2015, the Doctors filed their joint Motion for Preliminary Determination of Law and Motion for Summary Judgment (hereinafter, the "Doctors' Motion"), arguing Niksich's complaint was time-barred by the Indiana Medical Malpractice Act's two-year statute of limitations. On July 7, 2015, Niksich filed a Motion for Continuance, requesting additional time to respond to the Doctors' Motion. The trial court granted the motion on July 13, 2015, and set a deadline of August 14, 2015, for the response.

[10] Niksich filed his response to the Doctors' Motion on July 21, 2015. On that same date, he filed a Motion to Compel Discovery. On July 22, 2015, the trial court granted the Doctors' Motion and dismissed with prejudice Niksich's complaint. Although, the chronological case summary (CCS) contains a notation indicating the court order was distributed to the parties; however, arguably, there is evidence in the record indicating the parties did not immediately receive copies of the court order.

[11] On July 24, 2015, the trial court denied Niksich's Motion to Compel Discovery as moot, in light of the court's July 22, 2015 ruling. On August 6, 2015, the Doctors filed a reply to Niksich's response to the Doctors' Motion. Niksich filed a response to the reply on August 17, 2015.

[12] On October 20, 2015, Niksich sent a letter to the trial court inquiring as to whether the court had issued a ruling on the Doctors' Motion. On October 30, 2015, the Doctors' counsel sent a letter to Niksich, informing him of the court's ruling and enclosing a copy of the ruling. Counsel stated in the letter: "When we did not receive an Order, we called the Court and they informed us they never sent the Order out because my office failed to send an envelope. We therefore picked the Order up in person yesterday from the Court." *Id*. at 24. Niksich received the letter on November 10, 2015. On that same day, Niksich sent a second letter to the trial court, requesting information on the status of the court's ruling on the Doctors' Motion. Niksich received a copy of the trial court's July 22, 2015 order sometime between November 16 and 20, 2015.

[13] On December 2, 2015, Niksich filed a Motion for Relief from Judgment under Indiana Trial Rule 60(B)(8), alleging he did not receive timely notice of the court's ruling. In his motion, he asked the trial court to "vacate the [j]udgment of July 22, 2015 and re-enter the judgment to reflect the date of the Granting [sic] of this motion, and direct the clerk of the Court to notify the parties of the new entry date." *Id*. at 13. Niksich maintained the "lack of notice . . . [violated his] right to appeal from an adverse final judgment . . . ." *Id.* The trial court

treated Niksich's motion as a Motion to Correct Error and denied the motion on December 14, 2015, without a hearing. Niksich now appeals.

# Discussion and Decision

[14] Although Niksich raises several issues on appeal, we consolidate and restate the issue for disposition as follows: Whether the trial court abused its discretion by denying Niksich's Motion for Relief from Judgment.

[15] Niksich's motion for relief from judgment was premised on Indiana Trial Rule 72. Trial Rule 72(D) imposes two duties on clerks of court. First, immediately upon the entry of a ruling upon a motion, an order or judgment, the clerk must serve a copy of the entry to each of the parties. Second, the clerk must make a record of such service. The CCS constitutes that record. *See Collins v. Covenant Mut. Ins. Co.*, 644 N.E.2d 116, 117 (Ind. 1994). Trial Rule 72(E) provides for relief under certain circumstances for lack of notice, and states:

> Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When service of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and

not exceed the original time limitation.

[16] Notably, Niksich filed a Trial Rule 60(B) motion for relief from judgment – not a Trial Rule 72(E) motion for extension of time. Our courts have held that Trial Rule 72(E) is the exclusive method by which a litigant may seek to extend the time to file a notice of appeal. *See Goodrich v. Dearborn County (In re Sale of Real Prop.)*, 822 N.E.2d 1063, 1068-70 (Ind. Ct. App. 2005) (citing *Collins*, 644 N.E.2d at 116), *trans. denied*. But where a Trial Rule 60(B) motion clearly indicates that the basis for the motion is lack of notice under Trial Rule 72(E), we have treated the motion as a Trial Rule 72(E) motion, noting our preference for substance over form. *See id.*

[17] Here, although captioned as a Motion for Relief from Judgment under Trial Rule 60(B), Niksich clearly requested that the trial court extend the time to appeal due to his lack of notice of the court's July 22, 2015 order. *See* Appellant's App. p. 13. Therefore, we will treat Niksich's motion as a Trial Rule 72(E) motion for extension of time.

[18] Trial Rule 72(E) applies where the CCS does not contain evidence that a copy of the trial court's order was distributed to each party. *Collins*, 644 N.E.2d at 117-18. We review a trial court's ruling concerning Trial Rule 72(E) for an abuse of discretion. *Atkins v. Veolia Water Indianapolis, LLC*, 994 N.E.2d 1287, 1288 (Ind. Ct. App. 2013). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *Id.*

[19] In this case, the CCS entry corresponding to the order granting the Doctors' Motion reads:

> 07/23/2015 Order Granting Motion for Summary Judgment
> (Judicial Officer: Miller, Gary L)
> > Order Signed: 07/22/2015
> > *Distribution to parties*

Appellant's App. p. 1. The entry indicates the trial court's order was distributed to the parties. Because Rule 72(E) clearly states that relief may only be obtained if the chronological case summary does not show that a copy of the entry was made and distributed to the parties, hence, Niksich cannot prevail given the facts of his case.

[20] We reach this decision although there exists evidence that neither party received notice of the trial court's July 22, 2015 order pursuant to Indiana Trial Rule 5(B). After the order was issued, on August 6, 2015, the Doctors filed a reply to Niksich's response to their motion. Niksich then filed a response to the Doctors' Motion on August 17, 2015. Later, counsel for the Doctors sent a letter to Niksich, dated October 30, 2015, informing him that because counsel failed to provide court staff with mailing envelopes, the July 22, 2015 order was not distributed to the parties. Nevertheless, we, like the panel in *Lodge of the Wabash, Ltd. v. Sullivan*, 654 N.E.2d 40 (Ind. Ct. App. 1995), *trans. denied*,[2] are

---

[2] *See Lodge of the Wabash, Ltd.*, 654 N.E.2d 40 (despite the Lodge's claim it did not receive notice of court's ruling and evidence court staff provided misleading information regarding issuance of the ruling, the Lodge

constrained to follow our Supreme Court's pronouncement as set forth in *Collins*. *Collins*, 644 N.E.2d 116. As such, we conclude the trial court did not abuse its discretion when it denied Niksich's request for relief.

[21] Even if we were to reach the question of whether the trial court erred in granting the Doctors' "Motion for Preliminary Determination of Law and Motion for Summary Judgment," Niksich would not prevail.

[22] A trial court should grant summary judgment if the pleadings and designated evidence demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). Our review of a trial court's decision is limited to the evidence designated by the parties to the trial court. *Perdue v. Gargano*, 964 N.E.2d 825, 831 (Ind. 2012).

[23] The Medical Malpractice Act's statute of limitations is found in Indiana Code section 34-18-7-1(b), which provides: "A claim, whether in contract or tort, may not be brought against a health care provider based upon professional services or health care that was provided or that should have been provided unless the claim is filed within two (2) years after the date of the alleged act, omission, or neglect. . . ." This is an occurrence-based statute of limitations, "meaning that an action for medical malpractice generally must be filed within

was precluded from challenging receipt of notice because the CCS contained a specific reference to notice having been sent).

two years from the date the alleged negligent act occurred rather than from the date it was discovered." *Houser v. Kaufman*, 972 N.E.2d 927, 933 (Ind. Ct. App. 2012) (quotation omitted), *trans. denied*.

> "[I]n determining whether a medical malpractice claim has been commenced within the medical malpractice statute of limitations, the discovery or trigger date is the point when a claimant either knows of the malpractice and resulting injury, or learns of facts that, in the exercise of reasonable diligence, should lead to the discovery of the malpractice and the resulting injury. . . . The issue to be determined is the point at which a particular claimant either knew of the malpractice and resulting injury, or learned of facts that would have led a person of reasonable diligence to have discovered the malpractice and resulting injury. If this date is less than two years after the occurrence of the alleged malpractice, the statute of limitations bars the claim unless it is not reasonably possible for the claimant to present the claim in the remaining time, in which case the claimant must do so within a reasonable time after the discovery or trigger date. If such date is more than two years after the occurrence of the malpractice, the claimant has two years within which to commence the action."

*David v. Kleckner*, 9 N.E.3d 147, 152-53 (Ind. 2014) (citation omitted).

[24] "When a defendant in a medical malpractice action asserts the statute of limitation as an affirmative defense, the defendant bears the burden of establishing that the action was commenced outside that statutory period." *Manley v. Sherer*, 992 N.E.2d 670, 674 (Ind. 2013). If this is done, the burden shifts to the plaintiff to establish "an issue of fact material to a theory that avoids the defense." *Herron v. Anigbo*, 897 N.E.2d 444, 448 (Ind. 2008) (quoting

*Boggs v. Tri-State Radiology, Inc.*, 730 N.E.2d 692, 695 (Ind. 2000)). When the sole claim of medical malpractice is a failure to diagnose, the omission cannot as a matter of law extend beyond the time the physician last rendered a diagnosis. *Havens v. Ritchey*, 582 N.E.2d 792, 795 (Ind. 1991).

[25] The designated evidence established that Drs. Hermina, Carr, and Talens last treated Niksich in January of 2006, June of 2009, and May of 2011, respectively. These dates would have been the last opportunity the doctors had to diagnose Niksich, and the dates upon which the respective two-year periods under the statute of limitations began to run. It is undisputed that Niksich learned of his diagnosis on December 5, 2012, but did not file his complaint with the Indiana Department of Insurance until August 14, 2014, some twenty months later, and, more than a year after the statute of limitations ran on any medical malpractice claim Niksich could have filed against Dr. Talens, the latter of the three treating doctors.

[26] Niksich argues the doctrine of continuing wrong, as well as fraudulent concealment apply to his case and tolled the running of the statute of limitations. However, for the doctrine of continuing wrong to apply, a physician's conduct must be more than a single act. *See Gradus-Pizlo v. Acton*, 964 N.E.2d 865, 871 (Ind. Ct. App. 2012) (the doctrine of continuing wrong applies where an entire course of conduct combines to produce an injury; doctrine applies when plaintiff demonstrates alleged injury-producing conduct was of a continuous nature). Fraudulent concealment tolls the statute of limitations in an action under the Medical Malpractice Act until (a) the end of

the physician-patient relationship, (b) the discovery by the patient of the malpractice, or (c) the discovery of information which in the exercise of reasonable diligence would lead to the discovery of the malpractice. *Spoljaric v. Pangan*, 466 N.E.2d 37, 40 (Ind. Ct. App. 1984), *trans. denied*.

## Conclusion

For the reasons stated above, the judgment of the trial court is affirmed.

Affirmed.

Baker, J., and Riley, J., concur.