James VAUGHN, Appellant–Defendant,

v.

Sally ·SCHNITZ, Appellee–Plaintiff.

No. 02A03–9605–CV–168.

Court of Appeals of Indiana.

Nov. 20, 1996.

Frank A. Webster, Frank A. Webster & Associates, Fort Wayne, for Appellant–Defendant.

Max A. Myers Fort Wayne, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

James Vaughn appeals from the trial court's denial of his motion for an extension of time within which to file a praecipe. The sole issue for review is whether the trial court abused its discretion in denying Vaughn's motion for an extension of time to file a praecipe.

We affirm and dismiss.

The relevant procedural history reveals that the trial court entered judgment against Vaughn on April 3, 1995. Vaughn filed a motion to correct errors on May 3, 1995, and a hearing on the motion was set for July 24, 1995. Vaughn's motion was denied on July 31, 1995. Notice of the court's decision was sent to plaintiff's counsel and Vaughn, but not to Vaughn's counsel. Apparently, Vaughn never communicated with his attorney about the ruling on his motion to correct errors which he had received. Although Vaughn's motion would have been deemed denied on August 30, 1995, Vaughn's counsel waited until September 15, 1995 to check the court records. After discovering the adverse ruling, Vaughn's counsel still waited until October 6, 1995 to file a praecipe along with a motion for an extension of time within which to file the praecipe based upon Ind. Trial Rule 72(E). The trial court denied Vaughn's motion for an extension of time to file a praecipe. Vaughn now appeals this decision.

To commence an appeal, a praecipe must be filed with the trial court within thirty days of a ruling on a motion to correct errors. Ind. Appellate Rule 2(A). The timely filing of a praecipe is a jurisdictional prerequisite, and failure to conform with the applicable time limits results in forfeiture of the appeal. *CNA Ins. Co. v. Vellucci*, 596 N.E.2d 926, 928 (Ind.Ct.App.1992), *reh. denied, trans. denied.* In Vaughn's case, he filed his praecipe sixty-seven days after the trial court's ruling on his motion to correct errors. However, Vaughn argues that the trial court abused its discretion when it did not grant him a T.R. 72(E) extension of time within which to file a praecipe since his attorney was without notice of the trial court's ruling, notwithstanding that Vaughn himself received notice.

We review the ruling of a trial court concerning T.R. 72(E) for abuse of discretion. *Markle v. Indiana State Teachers Ass'n*, 514 N.E.2d 612, 614 (Ind.1987), *reh. denied.* An abuse of discretion may occur if the trial court's ruling is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind.1993).

Vaughn's argument suffers from a fundamental error; the trial court does not have the authority to grant an extension of time within which to file a praecipe. As noted above, the timely filing of a praecipe is a jurisdictional prerequisite to an appeal and a precondition to the right to an appeal. *CNA, supra; see also Jennings v. Davis*, 634 N.E.2d 810 (Ind.Ct.App.1994), *reh. denied*, 645 N.E.2d 23; *Bd. of Comm'rs of Lake County, Indiana v. Foster*, 614 N.E.2d 949 (Ind.Ct.App.1993). That perfecting an appeal in a timely manner is a jurisdictional matter has recently been reaffirmed by our supreme court. *Claywell v. Review Bd. of the Indiana Dept. of Employment and Training Serv.*, 643 N.E.2d 330 (Ind.1994). Thus, once the thirty day time limit of Appellate Rule 2 has expired, this court is without jurisdiction to hear the appeal and we must dismiss. To permit a trial court to grant an extension of time within which to file a praecipe would allow the trial court to revive this court's jurisdiction contrary to supreme court procedural rules. This a trial court cannot do. Accordingly, the trial court did not abuse its discretion when it denied Vaughn's 72(E) motion.

However, this court, under its inherent power, has the authority to entertain an appeal after the time permitted has expired. *Claywell, supra,* at 331; *Lugar v. State*, 270 Ind. 45, 383 N.E.2d 287 (1978). This court will exercise its inherent power and grant equitable relief "only in rare and exceptional cases, such as in matters of great public interest, or where extraordinary circumstances exist." *Lugar, supra,* at 289 (citation omitted). Generic grounds such as lack of prejudice to the opposing party or lack of disadvantage to the reviewing court are insufficient to invoke this equitable relief. *Claywell, supra,* at 331. We treat Vaughn's argument as an application to this court for us to exercise our inherent power to hear his appeal.

A summary of relevant facts reveals: Vaughn himself had notice of the trial court's ruling; Vaughn did not communicate this ruling to his attorney, Vaughn's attorney

failed to regularly check the court records; Vaughn's attorney waited over two weeks after the motion would have been deemed denied by Trial Rule 53.3 to investigate; and Vaughn's attorney waited another three weeks after discovering the court's order to take action. This is not the type of extraordinary circumstance warranting equitable relief. Equity aids the vigilant, not those who sleep on their rights.

Vaughn's praecipe was filed sixty-seven days after the ruling of the trial court on his motion to correct errors. Since the praecipe is thirty-seven days late and a timely filing of a praecipe is a jurisdictional prerequisite to an appeal, we dismiss Vaughn's appeal for lack of jurisdiction.

Affirmed and appeal dismissed.

DARDEN, J., concurs.

HOFFMAN, J., concurs in result with separate opinion.

HOFFMAN, Judge, concurring in result.

I concur in the result reached by the majority. However, I disagree with the analysis of Ind. Trial Rule 72(E). In pertinent part, the rule provides:

> When the mailing of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

T.R. 72(E).

While the rule does allow a trial court to extend the time period for the filing of a praecipe to initiate an appeal, the circumstances are narrowly drawn. *See Lodge of Wabash, Ltd. v. Sullivan,* 654 N.E.2d 40, 42–43 (Ind.Ct.App.1995). Moreover, the circumstances in the present case are specifically excluded within the text of T.R. 72(E). A *party* with actual knowledge of a ruling may

not rely upon the provision for an extension of time. Here, the party received actual notice. Thus, I agree that Vaughn is not entitled to relief.