## Karl DRIVER, Appellant–Petitioner,

v.

## STATE of Indiana, Appellee–Respondent.

### No. 71A05–1012–PC–795.

Court of Appeals of Indiana.

Aug. 11, 2011.

Transfer Denied Oct. 31, 2011.

Karl Driver, Carlisle, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Indianapolis, IN, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Petitioner–Appellant Karl Driver appeals the trial court's denial of his Verified Motion to Vacate Judgment. We affirm.

### ISSUE

Driver raises one issue, which we restate as: whether the trial abused its discretion by denying Driver's motion.

### FACTS AND PROCEDURAL HISTORY

In 2000, a jury convicted Driver of murder. He appealed his conviction, and our Supreme Court affirmed the trial court's judgment. See Driver v. State, 760 N.E.2d 611, 613 (Ind.2002).

Next, Driver filed a petition for post-conviction relief. Attorney Philip J. Skodinski represented Driver at the evidentiary hearing on the petition. On November 12, 2009, the trial court denied Driver's petition for post-conviction relief. At some point, a copy of the judgment arrived at Skodinski's office, where it was placed in a file without being reviewed by Skodinski or being forwarded to Driver. On August 25, 2010, Driver wrote to the trial court requesting information on the status of his case. On September 7, 2010, the trial court sent Driver a copy of the judgment.

On October 29, 2010, Driver filed with the trial court a Verified Motion to Vacate Judgment. The trial court denied Driver's Verified Motion, and this appeal followed.

*DISCUSSION AND DECISION*

■ Driver asserts that he filed his Verified Motion to Vacate Judgment pursuant to Indiana Trial Rule 60(B). Our Supreme Court has held that when a party seeks to extend a filing deadline based upon a claim of failure to receive notice of a final judgment, then Indiana Trial Rule 72, rather than Trial Rule 60, is the "sole vehicle" for relief. *Collins v. Covenant Mut. Ins. Co.*, 644 N.E.2d 116, 117 (Ind.1994). Consequently, we shall review the trial court's ruling on Driver's Verified Motion pursuant to Trial Rule 72. That rule provides, in relevant part:

> Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When the mailing of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

Trial Rule 72(E). We review the ruling of a trial court concerning Trial Rule 72(E) for an abuse of discretion. *Vaughn v. Schnitz*, 673 N.E.2d 501, 502 (Ind.Ct.App. 1996). An abuse of discretion occurs if the trial court's ruling is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

■ In this case, the State concedes that the post-conviction court's Chronological Case Summary does not indicate whether notice of the trial court's final judgment was mailed to Driver or his counsel. Furthermore, there is no evidence that Driver or his counsel had actual knowledge of the final judgment at any point before Driver received a copy of the judgment from the post-conviction court with the Court's September 7, 2010 letter. A copy of the judgment was placed in Skodinski's files at some point, but there is no indication that he personally reviewed the judgment when his office received it.

As the final step in the analysis, we note that Trial Rule 72(E) provides that even when a party could receive an extension of time, the extension commences when the party first obtains actual knowledge of an order or judgment and shall not exceed the original time limitation. Here, Driver gained actual knowledge of the judgment when the trial court sent him a copy on September 7, 2010. Driver did not file his Verified Motion until October 29, 2010, which is well outside the thirty-day deadline for filing a Notice of Appeal. *See* Indiana Appellate Rule 9(A)(2). Therefore, Driver's Verified Motion was untimely. The trial court's denial of Driver's motion is not against the logic and effects of the facts and circumstances, and we find no abuse of discretion.

Driver cites *Soft Water Utils., Inc. v. LeFevre*, 261 Ind. 260, 301 N.E.2d 745 (Ind.1973), in support of his appeal. In that case, our Supreme Court held that the trial court acted within its discretion by granting a party's motion pursuant to Trial Rule 60 and changing the date of the trial court's order on the party's motion to correct errors, which allowed the party to appeal. *LeFevre* was issued before Trial Rule 72 was amended to include the procedure that is now set forth in subsection 72(E). *See* Ind. Trial Rule 72(D) (1985). Furthermore, in *Collins*, our Supreme

Court took note of the holding in *LeFevre* in the course of determining that Trial Rule 72, not Trial Rule 60, is now the only remedy for a party that seeks to extend a filing deadline due to lack of notice of a ruling. *Collins*, 644 N.E.2d at 117. We conclude from the discussion in *Collins* that *LeFevre* and Trial Rule 60(B) no longer provide an avenue for relief for a party that can seek relief under Trial Rule 72(E).

### CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

KIRSCH, J., and BROWN, J., concur.