**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**JOSHUA D. HUGHES**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOSHUA D. HUGHES, | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | )   No. 02A03-1112-PC-591 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Respondent. | ) |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Samuel Keirns, Magistrate
Cause Nos. 02D04-0501-MR-3 & 02D04-0704-PC-42

**October 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

Joshua Hughes appeals the post-conviction court's denial of his Indiana Trial Rule 72(E) request for an extension of time within which to appeal the denial of his petition for post-conviction relief. We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2005, Hughes was convicted of murder by a jury in Allen Superior Court and sentenced to fifty-five years. This Court affirmed his conviction on direct appeal. *See Hughes v. State*, No. 02A03-0512-CR-603 (Ind. Ct. App. Oct. 23, 2006), *trans. denied*.

Hughes filed a pro se petition for post-conviction relief in April 2007. He later amended the petition, and the post-conviction court held an evidentiary hearing in December 2007. After multiple extensions of time, Hughes filed his proposed findings and conclusions in June 2008. On July 22, 2009, the post-conviction court issued an order denying post-conviction relief. The chronological case summary has two entries for that date: the first entry indicates the denial, and the second entry states, "NOTICE ISSUED BY COURT." Appellant's App. p. 20.

Over two years later on September 13, 2011, Hughes sent a letter to the court requesting the status of his petition. The next day, the court sent him a copy of the July 22, 2009, order denying him post-conviction relief.

Nearly three months later on December 5, 2011, Hughes requested an extension of time within which to appeal the denial of his petition for post-conviction relief pursuant to Indiana Trial Rule 72(E). He claimed that he did not receive the court's denial when

2

the order was made and that he was unaware of the denial until September 2011, when the court sent him a copy of the order upon his inquiry.

The post-conviction court denied the request without a hearing. Hughes now appeals.

DISCUSSION AND DECISION

Indiana Trial Rule 72(E) provides the only avenue through which a party may obtain relief upon a claim of failure to receive notice. *Collins v. Covenant Mut. Ins. Co.*, 644 N.E.2d 116, 117 (Ind. 1994). Specifically, Rule 72(E) provides:

> Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, *except as provided in this section*.

(Emphasis added). The remainder of Rule 72(E) provides that a party may obtain such relief only in a certain circumstance:

> *When the mailing of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary*, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

(Emphasis added). Thus, a party may only obtain relief under 72(E) when the chronological case summary does not show that a copy of the entry was mailed. *See Collins*, 644 N.E.2d at 117-18; *Markle v. Ind. State Teachers Ass'n*, 514 N.E.2d 612, 614 (Ind. 1987) ("If the docket book is clear on its face that notice was mailed, then such a

3

challenge is precluded."). We review a trial court's ruling concerning Trial Rule 72(E) for an abuse of discretion. *Driver v. State*, 954 N.E.2d 972, 973 (Ind. Ct. App. 2011), *trans. denied*.

Hughes argues that the chronological case summary does not show that the post-conviction court's order was mailed to him at the time of the denial. We disagree. As noted above, the chronological case summary contains a July 22, 2009, entry showing that the post-conviction court denied Hughes's petition for post-conviction relief. Following that entry is another on the same date stating that notice was issued by the post-conviction court. The chronological case summary thus shows that a copy of the order was mailed to Hughes. *See Collins*, 644 N.E.2d at 118 (chronological case summary showed notice sent where entry included the notation "Notice Y" preceding description of order, thus precluding application of Rule 72(E)).

Hughes also argues that the Pendleton Correctional Facility, where he is incarcerated, maintains records of the delivery of all legal mail, and its records show that he was not sent a copy of the post-conviction court's order at the time of the denial. This argument is a nonstarter. Rule 72(E) clearly states that relief may only be obtained if the chronological case summary does not show that a copy of the entry was mailed. The triggering circumstance is simply not present here.

Hughes nonetheless cites *Taylor v. State*, 939 N.E.2d 1132 (Ind. Ct. App. 2011), in support of his argument. In that case, this Court granted Taylor equitable relief pursuant to its inherent power where the chronological case summary was "riddled with inaccuracies and contradictions," the documents compiled by the clerk pursuant to

4

Taylor's notice of appeal were incomplete and appeared in one instance to have been altered, and the court did not send notice of at least one order to Taylor's current address even though the record "undeniably support[ed]" the court's knowledge of his correct address. *Id.* at 1137. The extraordinary circumstances in *Taylor* distinguish it from this case.

We therefore conclude that the post-conviction court did not abuse its discretion by denying Hughes's Rule 72(E) request for an extension of time within which to appeal the denial of his petition for post-conviction relief.[1]

<u>CONCLUSION</u>

For the reasons stated, we affirm the post-conviction court.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.

---

[1] We further note that an extension granted pursuant to Rule 72(E) "shall commence when the party first obtained actual knowledge and not exceed the original time limitation." Hughes acknowledges receipt of the post-conviction court's order on September 14, 2011, yet did not request an extension of time within which to file an appeal until December 5, 2011. This time period far exceeds the thirty-day deadline for filing a notice of appeal. *See Driver*, 954 N.E.2d at 973 (post-conviction court did not abuse its discretion by denying 72(E) motion where petitioner had actual knowledge of judgment on September 7, 2010, but failed to file his 72(E) motion until October 29, 2010).