# FOR PUBLICATION



ATTORNEYS FOR APPELLANTS:

**STANLEY KAHN**
**KEVIN E. DEVILLE**
Law Office of Stanley Kahn
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**MATTHEW W. MELTON**
**RICHARD L. NORRIS**
**CYNTHIA E. LASHER**
Norris Choplin Schroeder LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CHRISTINA ATKINS, and KYLA ATKINS, by her parent and next friend CHRISTINA ATKINS, | ) ) ) ) |
| Appellant-Petitioner, | ) ) |
| vs. | ) No. 49A02-1302-CT-181 ) |
| VEOLIA WATER INDIANAPOLIS, LLC | ) ) |
| Appellee-Respondent. | ) ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick McCarty, Judge
Cause No. 49D03-0910-CT-48952

**October 1, 2013**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issues

Appellant Christina Atkins appeals the trial court's denial of her motion for leave to file a belated appeal under Indiana Trial Rule 72(E).[1] Atkins raises two issues for our review: (1) whether the trial court abused its discretion by denying Atkins's Rule 72(E) motion and (2) if so, whether the trial court erred by granting a motion for judgment on the pleadings in favor of Veolia Water Indianapolis, LLC ("Veolia"). Concluding the trial court did not abuse its discretion by denying Atkins's motion under Rule 72(E), we affirm.[2]

Facts and Procedural History

Atkins filed a negligence action against Veolia in October of 2009. On July 20, 2012, Veolia filed a motion for judgment on the pleadings, arguing that Veolia did not owe a duty to Atkins when the incident occurred. On November 14, 2012, after briefing by both parties, the trial court entered an order granting Veolia's motion for judgment on the pleadings ("the Order"), resulting in a final judgment in favor of Veolia.

Counsel for Veolia received a copy of the Order from the trial court clerk on November 16, 2012. The Order was also received by Atkins's counsel; however, the Order was apparently misfiled, and Atkins's counsel did not actually see the Order. The date on which Atkins's counsel received his copy of the Order is unknown. On January 28, 2013, Atkins's counsel went to the trial court and learned that the Order had been issued more than

---

[1] We remind Atkins's counsel that Indiana Appellate Rule 46(A)(10) requires an appellant's brief to include a copy of the appealed order or judgment.

[2] Because we conclude the trial court properly denied Atkins's request to file a belated appeal, we do not address the second issue of whether the trial court's judgment on the pleadings was appropriate.

two months before. The trial court's Chronological Case Summary ("CCS") reflects that the Order was dated November 14, 2012, but it does not contain an entry noting that the clerk mailed a copy of the Order to counsel for either party.[3]

On January 31, 2013, Atkins filed a motion seeking relief from the judgment and leave to file a belated appeal.[4] A hearing was held on February 19, 2013, and the trial court denied Atkins's motion. On February 27, 2013, Atkins filed a motion to correct error, which was also denied. This appeal followed.

## Discussion and Decision

### I. Standard of Review

We review the trial court's ruling on a motion for relief under Indiana Trial Rule 72 for an abuse of discretion. Vaughn v. Schnitz, 673 N.E.2d 501, 502 (Ind. Ct. App. 1996). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. Id.

### II. Relief under Trial Rule 72(E)

At bottom, this appeal concerns the proper interpretation and application of Indiana Trial Rule 72(E). The rule, in its totality, states:

> Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When service of a copy of the entry by the Clerk is not evidenced

---

[3] Veolia points out that it is the trial court's practice in Marion County to note service of an order in the CCS only when no proposed order is provided by counsel.

[4] Atkins's deadline to initiate an appeal was December 14, 2012. See Ind. Appellate Rule 9(A)(1).

3

by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

Ind. Trial Rule 72(E).

Atkins argues on appeal that the trial court abused its discretion by denying her request for relief and leave to file a belated appeal under Rule 72(E). Specifically, she contends the trial court erred because the CCS did not note service of the Order on the parties; she provided the trial court with good cause for the relief requested; and her counsel did not have actual knowledge of the Order. We believe that Atkins's argument is founded upon an incorrect interpretation of Rule 72(E) and puts the cart before the horse, failing to first establish a lack of notice as required by the rule.

The first sentence of Rule 72(E) provides that "[l]ack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling . . . except as provided in this section." Id. (emphasis added). Simply stated, lack of notice is a prerequisite for relief under Rule 72(E). The second portion of the rule—concerning the CCS, good cause, and lack of actual knowledge—is only relevant if the movant first establishes lack of notice or lack of actual receipt of a copy of the entry from the trial court. Here, Atkins makes no such assertion. Indeed, Atkins's counsel readily admitted at the hearing that "we had received the notice, the notice was misplaced." Transcript at 3.

4

It is undisputed that Atkins's counsel received a copy of the Order. Receipt of a copy of an order from the trial court "constitutes notice for all purposes." Blichert v. Brososky, 436 N.E.2d 1165, 1168 (Ind. Ct. App. 1982). Because lack of notice is a prerequisite to relief under Rule 72(E) and Atkins had notice of the Order, her arguments as to the second portion of the rule are premature and ultimately irrelevant.

The plain language of Rule 72(E) necessitates the result in this case. And, although no court has previously held that lack of notice is a prerequisite for relief under Rule 72(E), statements by the Indiana Supreme Court lend support to our interpretation of the rule. In Markle v. Indiana State Teachers Ass'n, our supreme court stated that "this court amended T.R. 72(D) to its present form to provide essentially that counsel could rely on the clerk's office to send notice and if such notice was not received, to provide an avenue through which to challenge the mailing of the notice." 514 N.E.2d 612, 614 (Ind. 1987) (emphasis added).[5] Moreover, in Collins v. Covenant Mutual Insurance Co., our supreme court noted that "Trial Rule 72(E) plainly states that only if the CCS does not contain evidence that a copy of the court's entry was sent to each party may a party claiming not to have received such notice petition the trial court for an extension of time to initiate an appeal." 644 N.E.2d 116, 117-18 (Ind. 1994) (emphasis added).

Furthermore, to our knowledge, every case in which courts have granted relief under Rule 72(E) involved situations where the movant claimed lack of notice and the order was

---

[5] The rule at issue in Markle was Indiana Trial Rule 72(D). Indiana Trial Rule 72(E) took effect on January 1, 1991, and the language of Rule 72(E) was taken nearly verbatim from what was previously Rule 72(D). Collins v. Covenant Mut. Ins. Co., 644 N.E.2d 116, 118 n.2 (Ind. 1994).

either never mailed or mailed to the wrong address. See, e.g., Markle, 514 N.E.2d at 614 (the trial court ruled on two separate motions, but the movants received a copy of only one order in the mail, and the evidence could support the conclusion that copies of both orders had not been mailed to the movants); Taylor v. State, 939 N.E.2d 1132, 1137 (Ind. Ct. App. 2011) (movant claimed not to receive the order, and the CCS was "riddled with inaccuracies and contradictions" and indicated that the order had been mailed to the wrong address); In re Sale of Real Prop. with Delinquent Taxes or Special Assessments, 822 N.E.2d 1063, 1069 (Ind. Ct. App. 2005) (copy of the order was not mailed), trans. denied; Gable v. Curtis, 673 N.E.2d 805, 808 (Ind. Ct. App. 1996) (copy of the order was mailed to the wrong address).

Atkins relies heavily upon Driver v. State, 954 N.E.2d 972 (Ind. Ct. App. 2011), trans. denied. In Driver, the trial court denied Driver's petition for post-conviction relief on November 12, 2009. Id. at 972. Similar to the circumstances in this case, a copy of the trial court's order was mailed to Driver's counsel's office but was placed in a file without actually being seen by Driver's counsel. Id. In August 2010, Driver requested information on the status of his case, and the trial court sent Driver a copy of the judgment on September 7, 2010. Id. Driver filed a motion for relief on October 29, 2010. Id.

As Atkins points out, the court in Driver noted that "Driver gained actual knowledge of the judgment when the trial court sent him a copy on September 7, 2010." Id. at 973. Aktins apparently believes that this statement by the court means that Driver's attorney did not have notice of the order. As an initial matter, Atkins's argument is misplaced, as it conflates the concepts of "notice" and "actual knowledge." But beyond that fundamental

6

flaw, the portions of Driver relied on by Atkins are no more than dicta. The court in Driver held that Driver was not entitled to relief because he did not file his motion within thirty days after receiving actual knowledge of the order; meaning, Driver was not entitled to relief under Rule 72(E) regardless of whether his attorney had notice. That said, to the extent that the decision in Driver could be construed as implying that Driver's attorney did not have notice when a copy of the order was mailed to him or that Rule 72(E) could be applied irrespective of that notice, we respectfully disagree.

A copy of the Order was mailed to the office of Atkins's counsel. It may well be true that her counsel never physically laid eyes on the Order and thus did not have actual knowledge of it. But her counsel's mishandling of the Order does not negate the fact that notice was given. Because that notice was given, Atkins cannot now obtain relief under Rule 72(E). A contrary result would undermine the purpose of Rule 72(E). See Markle, 514 N.E.2d at 613-14.

## Conclusion

We conclude that because lack of notice is a prerequisite to relief under Indiana Trial Rule 72(E) and Atkins had notice of the Order, the trial court did not abuse its discretion by denying Atkins's request to file a belated appeal. Therefore, we affirm.

Affirmed.

RILEY, J., and KIRSCH, J., concur.