## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 30 2018, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Anthony B. Chandler<br>Indianapolis, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Evan Matthew Comer<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Chandler,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | July 30, 2018<br><br>Court of Appeals Case No.<br>67A01-1706-MI-1481<br><br>Appeal from the Putnam Superior Court<br><br>The Honorable Charles D. Bridges, Judge<br><br>Trial Court Cause No.<br>67D01-1701-MI-5 |

**Bailey, Judge.**

# Case Summary

[1] Pro-se Appellant Anthony Chandler ("Chandler") appeals the denial of his petition for permission to file a belated notice of appeal. He presents a single issue for review, as articulated by this Court in its order reinstating for a limited purpose the appeal after dismissal: whether the trial court erred in denying Chandler's petition made pursuant to Indiana Trial Rule 72(E). We affirm.

# Facts and Procedural History

[2] On February 26, 2001, a jury found Chandler guilty of one Class B felony and one Class C felony. On March 27, 2001, Chandler received consecutive sentences of twenty years and eight years, respectively, to be served in the Indiana Department of Correction ("the DOC"). Chandler was eventually discharged on the Class C felony and was released on parole as to the Class B felony on March 14, 2010.[1] His parole was revoked on July 19, 2016.

[3] On December 20, 2016, Chandler filed a petition for writ of habeas corpus, alleging that his parole had been revoked after its expiration on June 11, 2016, and he was being illegally detained.[2] On February 24, 2017, the trial court,

---

[1] Because Chandler had been convicted of a qualifying sex offense, his parole could be up to ten years. Ind. Code § 35-50-6-1(d). He had a maximum release date of September 12, 2019.

[2] Chandler's original Appellant's Brief, filed August 10, 2017, indicates that he sought a determination of whether he had been serving his consecutive sentences simultaneously. He contended that his detention was illegal because "the service of partial, hybrid, and/or blended sentences are not a part of Indiana's statutory scheme." Appellant's Brief at 19.

having treated the petition for a writ of habeas corpus as a petition for post-conviction relief, issued findings of fact and conclusions thereon and denied Chandler's petition. The Chronological Case Summary reflects "input" of that decision on March 2, 2017. (Amended App., Vol. II, pg. 3.)

[4] Also on March 2, 2017, Chandler filed a motion to strike, which was denied one day later. On March 6, 2017, Chandler filed a motion for discovery. The next day, the Putnam County Clerk ("the Clerk") made an entry in the Chronological Case Summary to reflect that the motion was returned as moot, with the case having been disposed of on February 24, 2017. On March 8, 2017, the Clerk made a notation "Issued CCS to Pet and Plaintiff." (Amended App., Vol. II, pg. 4.)

[5] On March 17, 2017, mail for Chandler was returned to the Clerk as undeliverable. The DOC had transferred Chandler to another facility one week earlier. The Clerk then sent notice of the final judgment to the New Castle Correctional Facility, and Chandler received this notice on March 24, 2017.[3]

[6] On April 13, 2017, Chandler filed a belated motion to correct error; that motion was denied six days later. On April 28, 2017, Chandler filed a petition for permission to file a belated notice of appeal. The trial court denied the petition on May 4, 2017. On May 19, 2017, Chandler filed a second petition for

---

[3] This date is derived from Chandler's representations in his petitions for permission to file a belated Notice of Appeal, filed April 28, 2017 and May 19, 2017, and his motion to correct error filed April 13, 2017.

permission to file a belated notice of appeal. On June 2, 2017, the trial court denied the petition.

[7] On June 27, 2017, Chandler filed his Notice of Appeal. Upon the State's motion, the appeal was dismissed, with prejudice, on November 27, 2017. Chandler petitioned for rehearing, asserting that he had not timely received notice of the February 24, 2017 judgment. On February 7, 2018, this Court entered an order granting, in part, the petition for rehearing. Chandler was granted thirty days to file an amended brief pertaining to the sole issue of whether the trial court erred in its June 2, 2017 denial of Chandler's petition for permission to file a belated notice of appeal made pursuant to Trial Rule 72(E). Chandler and the State filed briefs to proceed with the limited appeal.

## Discussion and Decision

[8] Our Indiana Supreme Court has held that, when a party seeks to extend a filing deadline based upon a claim of failure to receive notice of a final judgment, Indiana Trial Rule 72 is the "sole vehicle" for relief. *Collins v. Covenant Mut. Ins. Co.*, 644 N.E.2d 116, 117 (Ind. 1994). Specifically, Rule 72(E) provides:

> Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When the service of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause

shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

[9] We review a trial court's ruling concerning Trial Rule 72(E) for an abuse of discretion. *Driver v. State*, 954 N.E.2d 972, 973 (Ind. Ct. App. 2011), *trans. denied*. An abuse of discretion occurs if the trial court's ruling is clearly against the logic and effect of the facts and circumstances before it. *Id.*

[10] Lack of notice is a prerequisite for relief under Rule 72(E). *Atkins v. Veolia Water Indpls., LLC*, 994 N.E.2d 1287, 1289 (Ind. Ct. App. 2013). Here, the trial court rendered the judgment adverse to Chandler on February 24, 2017 and the Clerk made a corresponding entry into the Chronological Case Summary on March 2, 2017. Indiana Appellate Rule 9(A)(1) provides that a party initiates an appeal by "conventionally filing a Notice of Appeal within thirty days after the entry of a Final Judgment is noted in the Chronological Case Summary." Prior to this deadline, Chandler had received notice of the decision.

[11] And even where Rule 72(E) is applicable, "[an] extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation." For example, in *Driver*, a copy of an order was mailed to Driver's counsel's office and was placed in a file without counsel's review. 954 N.E.2d at 972. Driver later inquired about the status of his case and the trial court sent Driver a copy of the judgment on September 7, 2010. *Id.* Driver filed a motion

for relief on October 29, 2010. *Id.* On appeal from the trial court's denial of relief under Trial Rule 72(E), this Court held that Driver was not entitled to relief because he did not file his motion within thirty days after receiving actual notice of the order. *Id.* at 973.

[12] On March 24, 2017, Chandler had actual knowledge of the adverse decision; he did not file his petition for permission to file a belated notice of appeal until April 28, 2017. He filed his second petition on May 19, 2017. Chandler did not seek Trial Rule 72(E) relief within thirty days after receiving actual notice of the judgment, and was accordingly not entitled to relief under that rule.

# Conclusion

[13] The trial court did not abuse its discretion in denying Chandler relief pursuant to Trial Rule 72(E).

[14] Affirmed.

Mathias, J., and Bradford, J., concur.