## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 16 2019, 7:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| William Mallory<br>Carlisle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Ellen H. Meilaender<br>Supervising Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Mallory,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | January 16, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2001<br><br>Appeal from the Vigo Superior Court<br><br>The Honorable John T. Roach, Judge<br><br>Trial Court Cause No.<br>84D01-1503-PC-528 |

**Bailey, Judge.**

# Case Summary

[1] William Mallory ("Mallory") appeals the denial of his Indiana Trial Rule 60(B) Motion for Relief from Judgment, which we treat as a Trial Rule 72(E) motion. He presents the sole issue of whether the trial court abused its discretion. We affirm.

# Facts and Procedural History

[2] On March 2, 2015, Mallory filed a petition for post-conviction relief, challenging his convictions for one count of murder, two counts of attempted murder, and one count of carrying a handgun without a license. As amended, his petition alleged that he had been denied the effective assistance of counsel because counsel mis-advised him on self-defense and caused him to reject a plea offer from the State. The post-conviction court conducted a hearing on December 6, 2017, and issued an order denying post-conviction relief on January 15, 2018.

[3] On June 7, 2018, Mallory petitioned to file a belated notice of appeal. He claimed that he had not received notice of the denial of his petition for post-conviction relief until March 6, 2018, which was outside the thirty days in which to initiate an appeal. The petition to file a belated notice of appeal was denied on grounds that a belated appeal procedure is available only for direct

appeal of a conviction or sentence.[1]  On July 9, 2018, Mallory filed a motion for relief from judgment, requesting an extension of time in which to appeal the denial of his petition for post-conviction relief.  The motion was denied on August 3, 2018.  Mallory now appeals.

# Discussion and Decision

[4]    Mallory's Trial Rule 60(B) motion for relief from judgment sought to extend the time in which to file his appeal of the denial of post-conviction relief.  In *Collins v. Covenant Mut. Ins. Co.*, 644 N.E.2d 116, 117 (Ind. 1994), our supreme court observed that, although "there was a time when a party might obtain relief upon a claim of failure to receive notice through Trial Rule 60," the Court had "amended Trial Rule 72 to establish it as the sole vehicle."  But where a Trial Rule 60(B) motion clearly indicates that the basis for the motion is lack of notice under Trial Rule 72(E), we have treated the motion as a Trial Rule 72(E) motion, noting our preference for elevating substance over form.  *Goodrich v. Dearborn Cnty.*, 822 N.E.2d 1063, 1069 (Ind. Ct. App. 2005), *trans. denied*.

[5]    Mallory captioned his motion as a motion for relief from judgment under Trial Rule 60(B), but clearly requested an extension of time to appeal due to a

---

[1] Indiana Post-Conviction Rule 2(1)(a) provides that an eligible defendant may petition for permission to file a belated notice of appeal of the conviction or sentence if "(1) the defendant failed to file a timely notice of appeal; (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule."  This rule is a vehicle for belated direct appeals only.  *Taylor v. State*, 939 N.E.2d 1132, 1135 (Ind. Ct. App. 2011).

claimed lack of timely notice of the post-conviction court's January 15, 2018 judgment. We will thus treat the motion as one for an extension of time under Trial Rule 72(E). We review a trial court's ruling concerning Trial Rule 72(E) for an abuse of discretion. *Atkins v. Veolia Water Indianapolis, LLC*, 994 N.E.2d 1287, 1288 (Ind. Ct. App. 2013). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before the court or when the trial court has misinterpreted the law. *Id.*

[6] Trial Rule 72(E) provides:

> Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When the service of a copy of the entry by the Clerk is not evidenced by a note made by the clerk upon the Chronological Case Summary ["CCS"], the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

[7] Here, the CCS includes an entry on January 15, 2018 pertaining to the "Order denying Petitioner's Amended Petition for Post-Conviction Relief" and lists Mallory among those "Noticed." (App. Vol. II, pg. 6.) A January 17, 2018 entry includes Mallory among those to whom "automated paper notice" was "issued." *Id.* "Trial Rule 72(E) plainly states that only if the CCS does not

contain evidence that a copy of the court's entry was sent to each party may a party claiming not to have received such notice petition the trial court for an extension of time to initiate an appeal." *Collins*, 644 N.E.2d at 117-18. Thus, Mallory cannot obtain relief from the application of Trial Rule 72(E).

[8] Finally, we address Mallory's attempt to argue the merits of his claim for post-conviction relief, that is, ineffectiveness of counsel. In the brief submitted to us, Mallory argues that trial counsel was ineffective for failing to request an instruction on voluntary manslaughter. This argument is not properly before us. However, we observe that, even if Trial Rule 72(E) had afforded Mallory an extension of time to appeal the denial of post-conviction relief, he had appealed that denial, and we had reached the merits of his claim, he would not have prevailed. Mallory claimed in his amended petition for post-conviction relief that his trial counsel was ineffective for advising Mallory that he was entitled to a self-defense instruction and thereby influencing Mallory's decision to refuse a plea offer capping his sentence at fifty years. A claim of ineffectiveness on new grounds not raised in the post-conviction petition and then raised for the first time on appeal from the denial of post-conviction relief is waived and not available for appellate review. *Walker v. State*, 843 N.E.2d 50, 58 n.2 (Ind. Ct. App. 2006), *trans. denied*.

# Conclusion

Mallory has demonstrated no abuse of discretion by the trial court.

Affirmed.

Bradford, J., and Brown, J., concur.