## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 02 2019, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey O. Meunier
Carmel, Indiana

ATTORNEY FOR APPELLEE

J. Dustin Smith
Manley Deas Kochalski LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James A. Ringley,

*Appellant-Defendant,*

v.

Caliber Home Loans, Inc.,

*Appellee-Plaintiff.*

October 2, 2019

Court of Appeals Case No.
19A-MF-782

Appeal from the Hamilton
Superior Court

The Honorable William Hughes,
Judge

Trial Court Cause No.
29D03-1806-MF-5607

**Robb, Judge.**

# Case Summary and Issue

[1] James Ringley appeals the trial court's order denying his motion to set aside the judgment entered in favor of Caliber Home Loans, Inc. ("Caliber"). Ringley raises the sole issue of whether the trial court abused its discretion by denying his motion to set aside the judgment previously entered in favor of Caliber when Ringley alleged he did not receive proper notice of the judgment. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] On July 31, 2007, Ringley became the fee simple owner of real property located in Hamilton County, Indiana, commonly known as 12440 E. 256th Street, Cicero, Indiana 46034 ("Cicero Property"). Ringley executed a promissory note for an original principal amount of $185,000 in favor of Freedom Mortgage Corporation d/b/a Freedom Home Mortgage Corporation. Ringley also executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., solely as a nominee for Freedom Home Mortgage Corporation, its successors, and assignees. The mortgage was recorded on August 6, 2007. The note and mortgage were subsequently assigned to Caliber.

[3] Ringley stopped making mortgage payments on the property and ultimately defaulted on the note and mortgage. In June 2018, Caliber initiated this foreclosure action by filing its Complaint on Promissory Note and to Foreclose Mortgage against Ringley and other named defendants, declaring the entire

indebtedness due and payable. On June 20, 2018, Caliber served Ringley with the complaint by certified mail and sheriff's service at 1618 South 10th Street, Noblesville, Indiana 46060 ("1618 Address") and his Cicero Property. On June 29, 2018, the trial court scheduled a settlement conference for July 23, 2018, at 2:00 p.m. The Chronological Case Summary ("CCS") indicates that Ringley was personally served with the complaint on July 6 at 2020 Cherry Street, Noblesville, Indiana 46060. *See* mycase.IN.gov, *Federal Home Loan Mortgage Corporation v. James A[.] Ringley, State of Indiana Department of Revenue Collection Division, Sue Perry-Miller et al*, Cause No. 29D03-1806-MF-005607, https://public.courts.in.gov/mycase/#/vw/Search (last accessed September 17, 2019). The certified mail sent to the other two addresses were returned, indicating they had been unclaimed and returned to the sender. *See id*.

[4] On July 23, 2018, the trial court held a Preliminary Telephone Conference instead of the previously scheduled settlement conference. Ringley failed to appear for the telephone conference. Following the conference, the trial court issued an order dated July 26, 2018, providing Ringley "30 days after receipt of the complaint for foreclosure to request a Settlement Conference[.]" *Id*. On July 27, Ringley filed a pro se answer to the summons, in which he stated that he had not received notice of the scheduled conference, maintained Caliber failed to pay the property taxes, and admitted that he "stopped any and all [mortgage] payments to Caliber[.]" Appellant's Appendix, Volume 2 at 53. Ringley's answer listed the Cicero Property as his address, and it also listed his e-mail address.

[5]  On August 16, Caliber filed a Motion for Entry of Default Judgment and Decree of Foreclosure, as well as a Motion for Summary Judgment and Decree of Foreclosure. The following day, Ringley filed a pro se motion requesting a settlement conference and again, listed the Cicero Property address as well as his e-mail address. That same day, the trial court issued an order regarding timeframes for Ringley's response to Caliber's motion for summary judgment. The order was served on Ringley at the 1618 Address and at the 2020 Cherry Street address and was also served on him by "Automated ENotice[.]" *See id.* at 10; *see also* mycase.IN.gov, *Federal Home Loan Mortgage Corporation v. James A[.] Ringley, State of Indiana Department of Revenue Collection Division, Sue Perry-Miller et al[.]*, Cause No. 29D03-1806-MF-005607, https://public.courts.in.gov/mycase/#/vw/Search (last accessed September 24, 2019). On September 14, Ringley filed a motion requesting a hearing prior to default judgment.

[6]  The trial court held a hearing on Caliber's motions on November 20, during which Ringley was present. The CCS indicates the trial court granted default judgment at the hearing but took the issue of summary judgment under advisement.[1] The following day, the trial court granted Caliber's Motion for Default Judgment, Summary Judgment, and Decree of Foreclosure, finding, in pertinent part:

---

[1] The record does not include a transcript from the hearing. Therefore, our review is limited to the entries in the CCS with respect to the hearing.

10. [Ringley's] primary argument at the hearing was that [Caliber] failed to pay real estate taxes from his escrow account on two of the three properties governed by this mortgage when it assumed the loan. As a result, two of the three contiguous parcels were sold at tax sale. [Ringley] remained on the one parcel which contained the residential structure.

11. [Ringley], in response to having two of the three parcels sold at tax sale, stopped paying his mortgage payment on the third parcel on which his house sits in January, 2017. He has not paid the mortgage since this date. [Ringley] may have had separate legal claims for the loss of his two other parcels, which he didn't exercise, but his discontinuation of payment on the mortgage in protest is an act of default under the terms of the promissory note.

12. [Caliber] has shown there exists no issue of material fact, Judgment will be entered on all claims asserted against Defendants in [Caliber's] Complaint pursuant to Indiana Trial Rule 56(C).

13. Judgment will be entered on all claims asserted against Defendants in [Caliber's] Complaint pursuant to Indiana Trial Rule 55.

* * *

h. [Caliber] shall have a personal judgment against [Ringley] in the sum of $183,431.79[.]

Appellant's App., Vol. 2 at 63-64, 66. Notice of the judgment was mailed to Ringley at the 1618 Address and 2020 Cherry Street address. The CCS indicates that Ringley was also served by "Automated ENotice[.]" *Id.* at 11. A

Decree of Foreclosure was sent to the sheriff, and the property was scheduled to be sold on January 24, 2019.

[7] On January 17, 2019, Ringley filed a motion with the trial court requesting that the January 24 sheriff's sale of the property be postponed. He stated, "I have not been notified by mail, certified mail or civil [d]eputy. I only found out [about the judgment and sale] from a third party. I have been denied proper service [i]n the past." Corrected Appellee's Appendix, Volume 2 at 4. On January 24, the property was sold to Federal Home Loan Mortgage for $144,000.

[8] On February 1, 2019, the trial court held a telephonic pretrial conference, during which the trial court denied Ringley's motion to postpone the sheriff's sale as moot. On March 11, 2019, Ringley, by counsel, filed a Motion to Set Aside Default Judgment/Summary Judgment, Stay Writ of Assistance and Set Hearing along with his affidavit. In his motion, Ringley maintained that he did not receive notice of the trial court's judgment and therefore, was unable to perfect an appeal or post bond to prevent removal from his home:

> 4. The Court's docket shows that the Order on Summary Judgment was sent . . . to [the] 1618 [Address] and to 2020 Cherry Street[.] The [1618 Address] was an old business address that Ringley had not occupied since February of 2017 and the 2020 Cherry St. address is not an address [Ringley] had ever occupied. Ringley's business address is 2018 Cherry St., not 2020. The Court's docket and all filings made by Ringley show the proper address of [the Cicero property], yet the Order was not served there. . . .

* * *

7. The improper service of the Order on Ringley deprive[d] Ringley of his ability to timely perfect an appeal of the Court's Order.

* * *

9. Ringley seeks an Order setting aside the Judgment, and staying the Writ of Assistance wherein the Sheriff will be removing Ringley and his possessions from the home on March 15, 2019.

10. Relief is justified under TR 60(B)(1) and (2) as the mistake of the Court deprived Ringley of Notice of the Order and the ability to timely perfect an appeal and post bond to prevent removal from his home[.]

Appellant's App., Vol. 2 at 70-71. On March 12, the trial court denied Ringley's motion. In its order, the trial court stated that it had previously denied Ringley's motion to stay the sheriff's sale and the property had already been sold to a third party. *See* Appealed Order at 1. Ringley now appeals.

# Discussion and Decision

## I.    Notice of Appeal

[9] We begin by briefly addressing Caliber's assertion that Ringley's appeal should be dismissed for failure to comply with Indiana Appellate Rule 9. Caliber asserts that Ringley failed to correctly identify the order from which he was

appealing in his April 9 Notice of Appeal, namely the March 12 order denying his Motion to Set Aside Default/Summary Judgment, and that Ringley filed an amended notice on April 15 *correctly* identifying the March 12 order. Caliber argues that Ringley's appeal should be dismissed because his amended notice was untimely; it "was outside of the thirty-day period prescribed by Rule 9(A) and the applicable rules do not specifically allow an amended notice to relate back to an earlier filed notice." Brief of Appellee at 11. However, our review of the record reveals that Ringley did, in fact, electronically file a timely amended notice with this court on April 11, 2019.[2] It appears that the trial court received a courtesy copy of the amended notice on April 15. Assuming arguendo, Ringley's amended notice of appeal was untimely, "this fact does not deprive [this court] of jurisdiction to entertain the appeal." *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). Concluding Ringley's notice was timely, we now address the merits of this appeal.

## II. Motion for Relief from Judgment

[10] Ringley argues the trial court erred in denying his 60(B) motion for relief from judgment due to the trial court's mistake in sending notice to an old address and an invalid address. Caliber, on the other hand, maintains that T.R. 60(B) is inapplicable in this case because Ringley's only recourse due to his alleged lack

---

[2] The certificate of filing and service of Ringley's amended notice of appeal states: "I hereby certify that on this 11th day of April, 2019, the foregoing was filed with the Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court." Corrected Appellee's App., Vol. 2 at 11.

of notice of the judgment was a motion to extend the time limitation to contest the decision pursuant to Trial Rule 72(E), which provides:

> Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When the service of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel.

[11] Our supreme court has explained the relationship between T.R. 60(B) and 72(E):

> Trial Rule 72(D) imposes two duties on clerks of court. First, "immediately upon the entry of a ruling upon a motion, an order or judgment" the clerk must mail a copy of the entry to each of the parties. Second, the clerk must make a record of such mailing. The [CCS] constitutes that record.[3]
>
> There was a time when a party might obtain relief upon a claim of failure to receive notice through Trial Rule 60. Since 1973, however, this Court has amended Trial Rule 72 to establish it as

---

[3] Trial Rule 72(D) now reads, in relevant part, that "[i]mmediately upon the notation in the Chronological Case Summary of a ruling upon a motion, an order or judgment, the clerk shall serve a copy of the entry in the manner provided for in Rule 5(B) upon each party . . . and shall make a record of such service." Trial Rule 5(B) provides for service by personal delivery, by mail, or by fax or e-mail if a party has consented to service by fax or e-mail.

the sole vehicle. . . . Trial Rule 72(E) plainly states that only if the CCS does not contain evidence that a copy of the court's entry was sent to each party may a party claiming not to have received such notice petition the trial court for an extension of time to initiate an appeal.

*Collins v. Covenant Mutual Ins. Co.*, 644 N.E.2d 116, 117-18 (Ind. 1994) (internal citation omitted). Therefore, the proper method of challenging an order not served by the trial court is through T.R. 72(E), not T.R. 60(B). *In re Sale of Real Property with Delinquent Taxes or Special Assessments*, 822 N.E.2d 1063, 1069 (Ind. Ct. App. 2005), *trans. denied*. Because we have often indicated a preference of substance over form, when a 60(B) motion clearly indicates the basis for the motion is lack of notice under 72(E), we will treat such motion as a motion for an extension of time under 72(E). *Id.*

[12] Turning to the case before us, nearly a month and a half after the property was sold, Ringely filed a motion characterized as a 60(B) motion in which he argued that the lack of notice of the judgment deprived him of the ability to perfect an appeal and post bond to prevent removal from the property. Therefore, we treat Ringely's 60(B) motion as a motion for an extension of time to file an appeal under T.R. 72(E), not 60(B).[4]

---

[4] We also note that relief under T.R. 60(B) would not be available to Ringley because T.R. 60(B)(4) allows for relief in cases where default judgment is entered and a party was served only by publication and was "without actual knowledge of the action and judgment, order or proceedings[.]"

[13]     We review the trial court's ruling on a motion for relief under T.R. 72 for an abuse of discretion. *Atkins v. Veolia Water Indianapolis, LLC*, 994 N.E.2d 1287, 1288 (Ind. Ct. App. 2013). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *Id.*

[14]     Here, the clerk made the following CCS entry following the trial court's judgment:

> 11/22/2018  Automated ENotice Issued to Parties
>
> Order Granting Motion for Default Judgment ----- 11/21/2018: James A[.] Ringley[.]

Appellant's App., Vol. 2 at 12. Because the CCS clearly indicates that notice of the trial court's judgment was sent to Ringley on November 22, 72(E) is inapplicable and Ringley would not have been entitled to an extension of time for the purpose of filing an appeal. Although it appears from the distribution list that the judgment was served on Ringley at the 1618 Address and the 2020 Cherry Street address, the CCS confirms that Ringley also was provided electronic notice of the judgment. The record reveals that Ringley provided his e-mail address in his answer, his motion requesting a settlement conference, and his motion requesting a hearing prior to default judgment and that notice of

the trial court's order setting the November 20 hearing, its hearing journal entry, and its November 21 judgment were all sent electronically to Ringley.[5]

[15]     Furthermore, Ringley does not dispute that he received notice of the order setting the hearing, which indicated it was distributed to all parties of record but did not list a mailing address. *See* mycase.IN.gov, *Federal Home Loan Mortgage Corporation v. James A[.] Ringley, State of Indiana Department of Revenue Collection Division, Sue Perry-Miller et al*, Cause No. 29D03-1806-MF-005607, https://public.courts.in.gov/mycase/#/vw/Search (last accessed September 23, 2019). Although we acknowledge that Ringley's property address was on file with the trial court, where Ringley alleged he resided during the pendency of this case, Ringley failed to notify the trial court that either the 1618 Address or the 2020 Cherry Street address was problematic. *Cf. Gable v. Curtis*, 673 N.E.2d 805, 807-08 (Ind. Ct. App. 1996) (T.R. 72(E) extension of time to file appeal affirmed where party provided the clerk of court with her correct address as required under T.R. 3.1(E) and CCS affirmatively demonstrated that the party did not receive notice of trial court's judgment due to an insufficient address). In fact, Ringley actively participated in the proceedings following receipt of the complaint and did not allege that he did not receive notice of the

---

[5] "It shall be the duty of the . . . parties not represented by an attorney, when entering their appearance in a case or when filing pleadings or papers therein, to have noted on the [CCS] and on the pleadings or papers so filed, their mailing address, and an electronic mail address. Service at either address shall be deemed sufficient." T.R. 72(D).

hearing or any of Caliber's motions. Following the hearing, Ringley was on notice that the trial court would issue a decision.

[16] In sum, Ringley's only recourse for lack of notice of the judgment was to request an extension of time to file an appeal pursuant to T.R. 72(E). Based on our review of the record, Ringley was served electronically with notice of the trial court's judgment and the service was properly noted on the CCS. Accordingly, Ringley was not entitled to an extension of time to perfect an appeal and thus, the trial court did not err in denying his motion.

# Conclusion

[17] For the reasons set forth above, we conclude the trial court did not abuse its discretion when it denied Ringley's motion to set aside the judgment in favor of Caliber. Accordingly, the judgment of the trial court is affirmed.

[18] Affirmed.

Mathias, J., and Pyle, J., concur.